Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH M. SEXTON, Respondent, for Compensation under the Workmen's Compensation Law, v. PUBLIC SERVICE COMMISSION or THE CITY OF NEW YORK, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

Workmen's Compensation Law — injuries to employee while taking bath arising out of and in the course of his employment — hazardous employment — construction of subway by city of New York.

Where an employee of the Public Service Commission of the First District, engaged in the construction of the New York subway, and paid by the city, became, in the course of his employment in surveying the floors in the subway; so covered with dirt and filth that it was necessary for him to take a bath before continuing his work in the office in making up estimates, and while taking the bath provided by the engineer in charge, slipped on a marble slab and was injured, such injuries arose out of and in the course of his employment, within the meaning of the Workmen's Compensation Law.

Under subdivision 3 of section 3 of the Workmen's Compensation Law, as amended by chapter 316 of the Laws of 1914, and group 43 of section 2, added by chapter 622 of the Laws of 1916, the city of New York is liable under the Workmen's Compensation Law if it is engaged in a

hazardous business, irrespective of the definition of the word " employment " in subdivision 5 of section 3.

The city of New York in constructing a subway under the supervision of the Public Service Commission, was engaged in a hazardous employment under group 13 of section 2 of the Workmen's Compensation Law.

APPEAL by the defendant, The City of New York, from an award of the State Industrial Commission, made on the 26th day of December, 1916.

*Lamar Hardy, Corporation Counsel* [*William E. C. Mayer* of counsel, *Terence Farley* and *Stanley J. Quinn* with him on brief], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KELLOGG, P. J.:

The claimant was supervising the construction of a part of the subway in New York city, which work was being performed by Booth & Flinn, Limited, contractors.   His work was principally in the tunnel of the subway, except at the end of the month, when he worked on estimates.   He was directed by the engineer in charge to survey all the supports under the railroad tracks, underneath the decking in the subway, at Whitehall and Stone streets, and while so engaged on July 14, 1916, he became very dirty and his clothes became covered with dirt and filth, which necessitated their being thrown away.   He left the subway in this condition about eleven-fifteen o'clock A. M. and it was his duty then to repair to the engineer's field office, about a block away, and make up the estimates, but apparently he could not go in his then condition; it was necessary for him to remove the filthy garments and the filth from his person.   In most such offices a shower bath is provided for the men similarly engaged; no such regular bath was provided here, but two or three days before the accident the claimant and his assistant engineer had improvised a shower bath at the office.   This bath was provided by the engineer in charge.   The claimant wanted to take his bath in the boiler room, but the engineer directed him to use the shower bath.   While standing on a marble slab claimant's foot slipped and he received the injuries complained of.   It is urged that the injuries did not arise out of and in the course of his employment.

It is plain that if the claimant was taking a bath for his own pleasure or comfort, and sustained an injury thereby, it would not arise out of and in the course of his employment in building the subway. But the evidence and findings show that the nature of the employment was such that the employee became very dirty " and covered with dirt and filth and horse manure and everything," to such an extent that he had to throw away his clothes when he got through, and the bath was a necessity arising out of the employment and to enable him to continue it. Leaving the subway at eleven-fifteen A. M., it was his duty to go to the field office and continue his work; but he could not continue his work in the field office in his dirty, filthy condition, and it was, therefore, his duty to the employer to wash up as soon as possible and begin his work in the field office. His work as a subway builder continued until the filth and dirt which smeared him while working there was removed so that he could perform other duties. The nature of the bath shows its real purpose; he was standing on the marble slab and an assistant engineer with a hose was throwing water over this person. We conclude, therefore, tha it was a duty of and an incident to his employment that he should be washed in order to continue his employment and that the Commission committed no error in finding that the injury arose out of and in the course of his employment.

The Public Service Commission is composed of State officials, but upon those State officials is devolved by law the duty of superintending and directing the building of the subway for the city of New York. (Laws of 1907, chap. 429, as revised and amd. by Laws of 1910, chap. 480, being Consol. Laws, chap. 48, and Laws of 1891, chap. 4, as amd.) The field offices were used by the Commission with reference to the subway work, and the claimant was employed by the Commission solely with reference to that work and he was paid for his work by the city upon certificates of the Commission, or its representatives. The city of New York cannot perform the physical acts of building the subway; it must do it through contractors or employees, and its relations with the contractors and employees must be sustained by some official or representative of the city, and it is

immaterial whether the representative of the city doing this work for the city was the Public Service Commission or a city official or an employee of the city.   Under the amendment by chapter 316 of the Laws of 1914 to subdivision 3 of section 3 of the Workmen's Compensation Law (Consol. Laws, chap. 67, Laws of 1914, chap. 41), and by the addition of group 43 to section 2 of the act by chapter 622 of the Laws of 1916, the city is liable if it is engaged in a hazardous business irrespective of the definition of the word " employment " in subdivision 5 of section 3.

We conclude, therefore, that the city of New York, under the statutes, was engaged in the hazardous employment of subway construction under group 13 of section 2 of the Workmen's Compensation Law.   The award should, therefore, be affirmed.

Award unanimously affirmed.