Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MATTHEW FRED HOGAN, Respondent, for Compensation for Himself and Family for the Death of MATTHEW F. HOGAN, SON, v. EDWARD ENGINEERING COMPANY, Employer; EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

*Workmen's Compensation Law — injury by elevator — death in the course of employment.*

Appeal from an award of the State Industrial Commission, entered on April 11, 1918, in favor of the father of a deceased employee of the appellant.

Order affirmed. All concurred, except H. T. Kellogg, J., dissenting, with an opinion.

H. T. KELLOGG, J. (dissenting): The business of the employer was the management and maintenance of elevators, boilers, etc., in various buildings. It operated four elevators in a building, not otherwise controlled by it, which had an entrance on Fifth avenue, and another entrance for the handling of freight on Nineteenth street in the city of New York. On the Fifth avenue side there were two passenger elevators, and on the Nineteenth street side two freight elevators. On the day of the accident the employment of the deceased was as an operator of one of these passenger elevators. On the day before he had been placed upon one of the freight elevators for the purpose of instruction as to the various floors, the names of the occupants of the various rooms, and other matters. He was so instructed upon that elevator for the reason that the passenger elevator which he was designed to run was still in charge of an operator whose place he was to take. On the morning of the accident he was installed as an operator of the passenger elevator, and from then on his employment was confined exclusively to the operation thereof. He left the elevator at a prescribed hour to go to his lunch. His hat and coat were in the basement, which could be reached by one of the freight elevators only. He crossed the building to the shaft

of one of these elevators, and found that the elevator was at the bottom of the shaft. He was told to ring a bell and notify the operator, who was on the basement floor, to bring up the elevator, but instead of doing this he lifted the gate guarding the entrance to the shaft, reached in and pulled the cable, whereupon the elevator shot up, struck him in the head, and inflicted such injuries that he died. It is clear to me that the deceased was not acting in the course of his employment. It is true that an employee who is going from or coming to his work, or is waiting for work, or is on his way to a cloakroom to get his clothes, always while in the plant or upon the premises of his employer, may be acting in the course of his employment, so that for an injury inflicted he might have an award. This is not such a case. In the first place, this deceased was not in the plant or upon the premises of his employer at the time of the accident, for the reason that his employer was neither the owner, the occupant or the custodian of the plant or premises. In the second place, the deceased was not merely a passive agent, waiting or traveling as an incident of his employment, but was actively engaged in operating machinery of his employer which he was neither employed to operate nor had the right to operate. He was doing work which he was not hired to do, and through such work met his death. It seems to me that he stepped out of his employment as distinctly as if he had gone to another building, the elevators in which were managed by his employer, and there been killed while operating one of them without authority. I favor a reversal and dismissal of the award.