Before STATE INDUSTRIAL BOARD, Respondent.

BELFORD ADAMS, Claimant, Respondent, *v.* UVALDE ASPHALT
PAVING COMPANY, Employer, and Another, Appellants.

Third Department, June 19, 1923.

Workmen's compensation — claimant was laid off for day at eleven-
thirty, ate his lunch at plant, and was injured at one-fifty P. M. where
he was preparing to wash — injury did not arise in course of employment.

The injury to the claimant did not arise in the course of his employment, since
it appears that he was laid off for the day at about eleven-thirty in the morning
of the day of the accident; that he remained at the plant and ate his lunch there;
and that at about one-fifty P. M. as he was making preparations for washing
himself the accident occurred.

HASBROUCK, J., dissents, with opinion.

APPEAL by the defendants, Uvalde Asphalt Paving Company
and another, from an award of the State Industrial Board, made
on the 27th day of March, 1922.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

HINMAN, J.:

Claimant was employed as a laborer at the plant of his employer.
At eleven-thirty on the morning of his accident the claimant and
about fifteen others were laid off because of some unforeseen event
which made it unnecessary for the employer to make use of those
men any longer on that day. Some of the other employees at
the plant finished out a full day. The workmen were allowed to
eat their lunch on the premises and the claimant did eat his lunch
although the record does not disclose just when he did so. Not-
withstanding the fact that he had been laid off at eleven-thirty
A. M., it is agreed that at one-fifty P. M. he was proceeding to wash
up preparatory to leaving for home when he was injured. He was
still upon the premises of his employer. He attempted to get his
pail, which had fallen in a ditch, for the purpose of getting hot
water for washing himself when his foot slipped into a hole where
there was hot water and he received severe burns causing the dis-
ability for which an award has been made. He was a colored man
and his work caused him to become covered with a white dust. It
was the custom of the men to wash up before they left the plant so
that they would have a proper appearance on the train or cars
upon which they traveled in going home.

This is not like those cases where an award has been allowed to an employee for an injury sustained during a short lunch period to be followed immediately by a continuance of the employment. (*Hogan* v. *Edward Engineering Co.*, 186 App. Div. 921; affd., 226 N. Y. 564; *Karney* v. *National Bag Co.*, 193 App. Div. 930.) The employment of this claimant had been discontinued at least for the day. For the same reason this case is distinguishable from the case of *Sexton* v. *Public Service Commission* (180 App. Div. 111), where an award was sustained for an accidental injury to an employee while cleaning up in order to continue his work. In that case the claimant had been engaged in a dirty occupation in a subway, making a bath a necessity preparatory to leaving the subway in order to engage in clerical duties outside. We need not decide, however, in this case that an employee could not obtain compensation for an injury sustained on the premises of his employer where the employee had been laid off about lunch time and had with reasonable dispatch proceeded to eat his lunch and then without loitering had proceeded to cleanse himself from the dirt accumulated in the course of his employment in order to make a decent appearance in public. While employment under the Workmen's Compensation Law does not commence or end at the precise moment when an employee begins or ends his actual work, the limit of the rule of liberality which has been thus far applied has been to include " a reasonable time and space through which he is approaching or leaving his work." (*Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.*, 225 N. Y. 130, 134.) The general rule has also been stated as follows: " It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, compensation must be awarded." (*Matter of Kowalek* v. *New York Consolidated R. R. Co.*, 229 N. Y. 489, 492.)

No case has been cited to us where an award has been made to an employee who was injured after having loitered upon the premises after his employment had ceased and we think that this claimant cannot be deemed to have been injured while going with reasonable dispatch from the premises of his employer after the completion of the duties of his employment when he remained upon the premises for a period of two hours and twenty minutes after he was laid off and without any justification therefor other than the eating of his lunch. He was not in the course of his employment at the time of his injury and, therefore, the award cannot be sustained.

50

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

H. T. KELLOGG, Acting P. J., and VAN KIRK, J., concur; HAS-BROUCK, J., dissents, with an opinion.

HASBROUCK, J. (dissenting):

The employer, the Uvalde Asphalt Paving Company, operated a plant at Williamsburgh, N. Y., to prepare asphalt for paving. It employed the claimant, a colored man, there as a laborer and as the result of his employment the dust of the work covered him to such an extent as to almost make him appear white.

On December 14, 1921, he was given to understand he was laid off at eleven-thirty A. M. Whether the claimant so understood it, we do not know. He remained on the premises of his employer to eat his lunch and after having eaten it he undertook to clean himself up to make himself respectable to go upon the street. He procured a pail in which he got some water out of a tank on the premises and while at the tank the pail slipped into it and claimant in endeavoring to recover the pail stepped into a hole at the side of the tank which was filled with hot water. His balance was so disturbed by his accident that both feet entered the hot water and were quite seriously burned. Hines, plant superintendent, does not swear he saw the accident. He did not hear of it until he got through with his work at two o'clock. He does not swear he saw the claimant after the accident. It is entirely probable that the accident occurred immediately after the claimant had eaten his lunch. About two o'clock might mean anywhere from one to two. An hour might have elapsed before the superintendent knew " about two o'clock" an accident had happened.

The appellant makes the point that the accident that caused the plaintiff's injury did not occur in the course of his employment nor arise out of his employment. It is held to be the law " 'that an employee on quitting work for the day is entitled to a reasonable opportunity to leave the employer's plant and place himself upon a public highway, and that if injured before reaching the public highway, provided he uses reasonable speed in leaving the plant, he is covered by the [Workmen's] Compensation Law.' " (*Pope* v. *Merritt & Chapman Derrick & Wrecking Co.*, 177 App. Div. 69.)

It is undoubtedly the law that where a person loiters upon the premises of his employer and is injured while loitering the risk of of injury, if sustained, is not that of the employer. (*Gane* v. *Norton Hill Colliery Co.*, 2 B. W. C. C. 42.)

The instant case, it appears to me, is quite distinguishable from that of a laborer injured while loitering. Here, there is absolutely

no evidence of loitering. The only evidence is that he ate his lunch and undertook to wash himself. Thus at the time of his injury he was engaged in the performance of an act which was incident to his employment, viz., that of making himself presentable upon the street.

There are several cases which support the award in the instant case if there had been no lapse of time between claimant's eating his lunch upon the premises, which laborers ordinarily did, and washing himself for his departure therefrom. (*Sexton* v. *Public Service Commission*, 180 App. Div. 111; *Peavey* v. *Robertson Company*, 202 id. 772; *Karney* v. *National Bag Co.*, 193 id. 930, 931; *Matter of Ross* v. *Howieson*, 232 N. Y. 604.)

It must be quite apparent that what the claimant was actually engaged in at the time he was injured was an incident of his employment and made necessary by the character of his work. Whether the incident of washing and cleaning himself was performed immediately after his discharge at eleven-thirty o'clock A. M., or after his lunch at a later time, it seems to me does not affect the character of his occupation at the time he was injured. Cleansing remained an incident of his employment until he left his employer's premises and attained the public thoroughfare, providing he did not loiter.

I submit that there is no proof of loitering; ordinary estimates of time are so elastic. Giving to understand claimant was laid off at eleven-thirty o'clock A. M., and knowing of the accident about two o'clock are too inexact to furnish an inference to overthrow the truth of claimant's testimony that he ate his lunch and then went in search of the means to cleanse himself. We are bound by the finding of fact that after eating his lunch he undertook to wash himself. Such finding excludes loitering.

The award should be affirmed, with costs.

Award reversed and claim dismissed, with costs against the State Industrial Board.