Mary Haley, Respondent, v. The City of Kingston, Appellant.— Judgment and order unanimously affirmed, with costs.

Hogeboom & Campfield, Inc., Appellant, v. The State of New York, Respondent.— Judgment unanimously affirmed, with costs.

Garry J. Hearn, Respondent, v. James A. Leary and Another, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements.

Before State Industrial Board, Respondent. Rae Hertz, Respondent, v. G. B. F. Garage Corporation and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that Samuel G. Hertz for whose death the award is made was not an employee. All concur.

Before State Industrial Board, Respondent. William Higgins, Respondent, v. Oppenheim, Collins & Company and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the findings of the Board do not definitely fix the period of time that the claimant remained upon the premises after his employment ceased, rendering it impossible for this court to determine whether the injury arose out of and in the course of his employment or whether he loitered upon the premises for an unreasonable time after his employment had ceased within the authority of *Adams* v. *Uvalde Asphalt Paving Co.* (205 App. Div. 784). All concur.

Before State Industrial Board, Respondent. Samuel Harbs, Respondent, v. Sherwood Metal Working Company and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no proof on which to find the average weekly wage. All concur.

Before State Industrial Board, Respondent. Peter Haug and Another, Respondents, v. Western Electric Company, Inc., Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before State Industrial Board, Respondent. James J. Howe, Respondent, v. Willys-Morrow Manufacturing Company and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to establish causal relationship between the alleged accident and the loss of vision of claimant's eye. All concur.

Before State Industrial Board, Respondent. Andrew Hendricksen, Respondent, v. Conron, Inc., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before State Industrial Board, Respondent. Barney Hopfer, Respondent, v. Knickerbocker Ice Company, Appellant.— Award. unanimously affirmed, with costs to the State Industrial Board.

Before State Industrial Board, Respondent. Edward Kelly, Respondent, v. North-Eastern Construction Company, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before State Industrial Board, Respondent. Rose Kronn, Respondent, v. Louis Kodish and Others, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before State Industrial Board, Respondent. Edward Kaiser, Respondent,