In the Matter of the Claim of JOHN MIRACHI, Respondent, against REVERE COPPER AND BRASS, INCORPORATED, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant has been allowed eighty per cent loss of use of his right hand because of the amputation of the ring and middle fingers; the marked diminution of use of the index and a slight defect in the little finger. His hours of labor were from five P. M. to one-thirty A. M. The foreman on the night of the injury had before leaving for the night assigned a task to claimant of cutting a quantity of cardboard with a shearing machine. This was completed about one-ten A. M., and claimant went to a water tap and washed his hands; there yet remained for him to make a written report of the services he had performed and the time used therefor. After washing his hands he, while visiting with the other employee who worked in the room, leaned against a power-operated press, a few feet away from his own machine, and placed his right hand thereon; his companion without intending caused the weight to descend to the table producing claimant's injury. Claimant had not separated himself from his employment and the injury was received in the course of and arose out of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANDREW DIENSKE, Respondent, against F. BIANCHI TOMPKINS and/or VERA H. TOMPKINS, and GLENS FALLS INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the State Industrial Board in claimant's favor. The Board found that on August 16, 1936, while claimant was engaged in his regular occupation, and while proceeding to attend the hot water heater, he fell and sustained injuries and resultant disability for which the award is made. The evidence sustains the findings. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents on the authority of *Matter of Pisko* v. *Mintz* (262 N. Y. 176).