**TRADERS & GEN. INS. CO. v. IHLEN-BURG.**

No. 12347.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 24, 1951.

Rehearing Denied Nov. 14, 1951.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellant.

Charles J. Lieck, San Antonio, Raymond, Algee, Alvarado, Kazen & Woods, Laredo, for appellee.

POPE, Justice.

Appellant, Traders & General Insurance Company, has appealed from a judgment on a jury verdict awarding C. M. Ihlenburg damages under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., for 66⅔% permanent partial loss of the use of his arm. Whether Ihlenburg was in the course of his employment when he broke his arm while taking a bath and whether the evidence supports the measure of arm injury are the important questions here raised.

Ihlenburg, after five o'clock in the afternoon, slipped in a bathtub and broke his arm, while bathing in his own room at the Hamilton Hotel in Laredo. Were that the only fact in the case, we would hold that the act of bathing was done for his personal convenience and outside the course of his employment. But the important additional facts are that Ihlenburg worked and lived in the Hamilton Hotel in Laredo, and was on duty twenty-four hours each day, including Sundays. He was the hotel engineer, in which capacity he maintained the hotel elevators, plumbing, electricity, air-conditioning and refrigeration. Immediately before the accident he had worked on the air-conditioning unit in the hotel coffee shop, during which time he and his clothing had become dirty and greasy. As soon as Ihlenburg completed his work in the coffee shop, the hotel manager met him in the lobby of the hotel for the purpose of taking him to one of the hotel rooms to repair a defective air-conditioning unit. Complaints had come from eight or ten rooms that some recently installed units were not functioning, and Ihlenburg stated his work with those units would have taken until about two or three o'clock in the morning.

The hotel management had generally instructed Ihlenburg not to enter rooms occupied by guests when his clothing was dirty, since the rooms often were occupied by ladies and also dirt and grease would be left on the furniture. Aside from this general order, however, several times the hotel manager testified about his instructions to Ihlenburg immediately before he went to his room to clean up. Mr. Points, the hotel manager, summed up those instructions in this manner: "We have an air conditioning unit in the kitchen and the motors are up above, high up, and he had been working up there with a ladder and got himself dirty all over, and I checked down there and got him to take him up to room 341, and I saw him all dirty, and I told him, 'You will have to get yourself cleaned up, there are people in this room and you clean up before I take you up there,' and he got his arm broke before I took him up there."

Mr. Ihlenburg's object in taking a bath was to continue with his work in accordance with the specific instructions of his employer. Had Ihlenburg not cleaned up, he would have been in disobedience of instructions from his employer. We think, under these circumstances, bathing was an obligatory duty, performed at that particular time in line with special instructions. We can not say appellee was not acting within his course of employment when, had he done otherwise, he would have been in strict disobedience of his employment orders. Appellee was meeting the condition under which his work was required to be performed. Texas Employers Insurance Association v. Cobb, Tex.Civ.App., 118 S.W.2d 375. On similar facts, accidents have been held to have occurred in the course of employment. Lehers v. Federal Underwriters' Exchange, Tex.Civ. App., 79 S.W.2d 925; Parker v. Royal Indemnity Company, Tex.Civ.App., 59 S.W.

2d 243; Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S.W. 128; Pacific Indemnity Company v. Industrial Accident Commission, 26 Cal.2d 509, 159 P.2d 625; In re Ayers, 66 Ind.App. 458, 118 N.E. 386; Holland St. Louis Sugar Company v. Shraluka, 64 Ind.App. 545, 116 N.E. 330; Wasmuth-Endicott Co. v. Karst, 77 Ind.App. 279, 133 N.E. 609; Corpora v. Kansas City Public Service Company, 129 Kan. 690, 284 P. 818; Marco v. News Syndicate Co., 257 App.Div. 887, 12 N.Y.S. 2d 130; Mirachi v. Revere Copper & Brass, Inc., 255 App.Div. 735, 6 N.Y.S.2d 815; Sexton v. Public Service Commission of City of New York, 180 App.Div. 111, 167 N.Y.S. 493; Taylor v. 110 S. Penn. Ave. Corp., 117 N.J.L. 346, 188 A. 689.

■ We are also of the opinion that there was sufficient evidence to support the jury finding that appellee suffered two-thirds permanent partial loss of the use of his arm. Some permanent injury is conceded, but appellant urges that the injury should be limited to ten per cent permanent and partial, that being the figure used by the physician who originally set and treated the arm. An examination of that testimony does not show that it was an estimate of Ihlenburg's future injury, but was a statement of what the physician expected his future injuries to be at the time he last examined his patient, ten months before the time of his testimony. He did not testify that was in fact the extent of Ihlenburg's injury. But even had he so testified the jury was not bound by such expert testimony. Gulf Casualty Co. v. Bostick, Tex. Civ.App., 116 S.W.2d 915; El Paso Electric Co. v. Cannon, Tex.Civ.App., 69 S.W. 2d 532. Also, there was evidence that the expected recovery had not been achieved. The evidence showed that while maximum recovery should have been accomplished by the time of trial, a nerve had become impinged in the fracture, resulting in pain and enervation of muscle. It showed that appellee suffered a diminished capacity to clinch his fist, work with tools, lift and raise his arm over his head. A physician testified that appellee from the nature of his injuries "would be greatly handicapped." The evidence supports the find-

ing. Employers Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810; Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W.2d 223.

The judgment is affirmed.