Burton S. Sherman, J.
The issue for determination is whether workmen’s compensation is the exclusive remedy in a medical malpractice and negligence action where it is alleged that plaintiff’s intestate was a company employee and the defendant a company physician and therefore fellow-employees. The motion is brought pursuant, to subdivision (c) of CPLR 3211 and the affirmative defense of workmen’s compensation is pleaded.
The decedent was a chemist executive employed by the Pepsi Cola Company. The defendant is a licensed physician employed *524 full time and salaried by the Pepsi Cola Company as associate director of the company medical department. His medical office is in the company headquarters.. It is claimed that beginning in May, 1964 the defendant negligently treated the decedent resulting in his death in February, 1967 from occlusive coronary arteriosclerosis. The negligence and malpractice alleged is wrongful diagnosis and treatment. It is not denied that the medical services provided for the decedent were solely on the basis of the employment of the parties by Pepsi Cola and the defendant compensated by the employer for such services.
Subdivision 6 of section 29 of the Workmen’s Compensation Law provides, ‘ ‘ The right to compensation or benefits * * * shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.” The injury or death referred to must be “ accidental ” and “ arising out of and in the course of employment”. (Workmen’s Compensation Law, § 2, subd. 7; also § 10.) In this action there is no claim of willful or wanton misconduct on the part of the defendant. It must therefore be concluded that the death was “ accidental ” within the meaning of the Workmen’s Compensation Law (Matter of Masse v. Robinson Co., 301 N. Y. 34). Moreover, the death arose out of or in the course of decedent’s employment. The medical services of which he availed himself were provided by the company. The establishment and availability of a medical department providing better working conditions for employees is, of course, in furtherance of the company’s business. It is at the very least for the mutual advantage of the employee and employer. Where an act of an employee has a dual purpose or benefit both to the employer and employee it may be regarded as arising out of and in the course of employment. (Matter of Huhn v. Gehnrich Indirect Heat Oven Co., 250 N. Y. 568, employee injured while traveling for medical treatment; Matter of Caney v. Straight, 274 App. Div. 1077, employee injured during rest period; Matter of Lauterbach v. Jarett, 189 App. Div. 303, employee injured during recreational activities; Matter of Sexton v. Public Serv. Comm. of City of N. Y., 180 App. Div. 111, employee injured while bathing after performing dirty manual labor.)
Since the claim is for accidental death arising out of decedent’s employment and allegedly caused by the negligence of a fellow-employee, workmen’s compensation is the exclusive remedy. (Garcia v. Iserson, 42 A D 2d 776; also, see, Bergen v. Miller, 104 N. J. Super. 350; Jones v. Bouza, 381 Mich. 299.)
*525 The court is awaré .that where an independent physician is guilty of malpractice in treating an industrial accident" an employee may have an alternative right to sue such physician. (Matter of Parchesky v. Kross Bros., 267 N. Y. 410.) And the fact that a third party agrees to pay medical expenses does not absolve a physician from a claim in malpractice by the patient. (DuBois v. Decker, 130 N. Y. 325.) There are also strong policy considerations for the maintaining of malpractice actions in our law and it may be that the unique status of a physician or other professional should not be considered in the same manner as a conventional employee. However, the Legislature has created no such distinction. Therefore, subdivision 6 of section 29 of the Workmen’s Compensation Law provides the exclusive remedy. (Naso v. Lafata, 4 N Y 2d 585; Cruz v. Wallach, 16 A D 2d 916; Matter of Egan v. New York State Joint Legislative Committee, 2 A D 2d 418; Matter of Schechter v. State Ins. Fund, 6 N Y 2d 506.)
The case of Roloff v. Arabian Amer. Oil Co. (421 F. 2d 240), urged by the plaintiff, relies upon the New York cases of Volk v. City of New York (284 N. Y. 279); Robison v. State of New York (266 App. Div. 1054, affd. 292 N. Y. 631) and Siversten v. State of New York (19 N Y 2d 698). These cases have been distinguished from the instant ease in that the injuries therein received were not the result of an incident of employment. (Garcia v. Iserson, 42 A D 2d 776, supra.) (Also, see, Young v. International Paper Co., 282 App. Div. 750; Balancio v. United States, 267 F. 2d 135.)
This action is clearly prohibited by the Workmen’s Compensation Law. Accordingly, the motion is granted and the complaint dismissed.