█ SANDRA GOLINI, as Executrix of ERNEST GOLINI, Deceased, Appellant, v. RICHARD NACHTIGALL, Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered on October 29, 1973, affirmed, without costs and without disbursements, for the reasons stated by the court below.

Lupiano, J. (dissenting). The critical issue on this appeal is whether the record sustains finding as a matter of law that plaintiff's intestate died as the consequence of the alleged negligence of a fellow employee *in the course of said intestate's employment*. It is submitted that the answer is no. This is a wrongful death action arising out of the alleged negligence of the defendant, a medical doctor. The decedent, Ernest Golini, was a chemical executive employed by the Pepsi-Cola Company. Defendant, a licensed physician, was apparently employed by Pepsi-Cola as assistant director of the company's medical department and had a medical office in the company's headquarters. It is claimed that beginning in May, 1964, the defendant negligently treated the decedent resulting in the latter's death in 1967 from occlusive coronary arteriosclerosis. The negligence and malpractice alleged is wrongful diagnosis and treatment. Defendant moved to dismiss the action on the grounds that plaintiff's exclusive remedy is Workmen's Compensation. Pursuant to CPLR 3211 (subd. [c]) "either party may submit any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment". The defendant in support of his motion submitted his affidavit, as a party with knowledge of the facts, wherein he stated that in 1961 he became an employee of the Pepsi-Cola Company and incident thereto was paid a yearly salary and received other employee benefits. He further states that decedent came to the medical department at various times for treatment as an employee. Finally, defendant avers that he never treated the decedent except in his capacity and the defendant's capacity as employees of Pepsi-Cola. In opposition, plaintiff's counsel points out that the defendant also treated private patients at the same time and treated the decedent on a *daily basis* while the decedent was a patient at University Hospital from May 6, 1964 to June 15, 1964. Accordingly, counsel asserted that workmen's compensation does not apply because there was no relationship between the decedent's job and the injury and that this is not a case involving an injury caused by a fellow employee, but is one where the injury arose out of a physician-patient relationship independent of employment. On appeal, plaintiff contends that the court below was in error in granting what was in effect a motion for summary judgment without affording plaintiff the opportunity to obtain full and complete pretrial disclosure in view of the fact that this is a wrongful death action and knowledge of the pertinent facts are exclusively within the possession of the defendant doctor. In this regard, plaintiff asserts that there is no demonstration in the record that the doctor was not paid by the decedent. It is asserted that the circumstances give rise to mixed issues of law and fact which warrant denial of the motion at this time. The record is skimpy. The only affidavit submitted by a party with knowledge of the facts is the short one and one-half page affidavit of the defendant doctor himself. There is no detailed showing of the medical history of the decedent and whether or not the disease to which he succumbed was related to his employment. Also, the defendant doctor carried on his own private practice while in the employ of Pepsi-Cola and it can at least be argued that the decedent may have become a private patient of the doctor regardless of the employee relationship. In *Garcia* v. *Iserson* (33 N Y 2d 421, 422-423), the Court of Appeals held "that the claim of an employee for alleged malpractice of a physician whose professional services were made available to the employee *at the employer's expense and on its premises* fall here within the scope of the Workmen's Compensation Law" (emphasis supplied). It was clear in that case that the plaintiff employee was treated in an infirmary on the employer premises by the defendant, Dr. Iserson, who allegedly gave him an injection in a negligent manner, causing

the injuries of which plaintiff complained. However, the record herein does not sufficiently provide the requisite factual basis for the legal conclusion that the claim asserted in the instant case falls within the ambit of the Workmen's Compensation Law. This is an unusual case where critical facts are exclusively within the knowledge of one of the parties. Under such circumstances, justice and proper procedure require denial of defendant's motion until full disclosure is obtained (see *Overseas Reliance Tours & Travel Serv. v. Sarne Co.*, 17 A D 2d 578; CPLR 3212, subd. [f]). Such view is further emphasized by the fact that the allegedly injured party, plaintiff's intestate, is dead (see *Noseworthy v. City of New York*, 298 N. Y. 76, 80). The order and judgment of the Supreme Court which dismissed the complaint pursuant to CPLR 3211 (subd. [a], par. 5) and 3211 (subd. [c]) should be reversed and the motion denied, with leave to renew the motion upon completion of full disclosure procedures. McGivern, P. J., Kupferman, Capozzoli and Lane, JJ., concur in decision; Lupiano, J.. dissent in opinion. Order and judgment affirmed, etc.