Arthur S. Hirsch, J.
This is a motion pursuant to CPLR 3212 for summary judgment in favor of defendant physician dismissing plaintiffs complaint in an action sounding in malpractice. Defendant pleads as an affirmative defense the Workmen’s Compensation Law.
Plaintiff, at the time of the alleged incident, was employed by the New York City Department of Sanitation. On March 23, 1974, while on his job, plaintiff felt pain in his right shoulder. He was sent for treatment to the Sanitation Department Clinic and was examined by defendant, a physician employee of the department. Defendant diagnosed plaintiffs condition as "strained muscle, right arm,” and advised plaintiff to return to work. Plaintiff was not treated by defendant subsequent to the clinic visit. In May, 1974, plaintiff sustained a broken arm as a result of a motorcycle mishap and was confined in a hospital where he was treated by physicians other than defendant. Shortly thereafter, on the recommendation of a private physician, he entered the Hospital for Joint Diseases, where he underwent a surgical procedure. At this time pathology revealed a large cell tumor in plaintiffs right humerus. It is claimed that defendant’s clinical diagnosis of plaintiffs condition in March, 1974 was inaccurate and negligent in that the existing tumor was not detected, and that said negligence has caused plaintiff severe injuries and damages.
The question before the court is whether plaintiffs injuries and damages may only be compensated under the Workmen’s Compensation Law or whether plaintiff may seek relief in a malpractice action.
The section of the Workmen’s Compensation Law germane to this motion is section 29 (subd 6), which provides: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in the case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.”
Defendant argues that (1) plaintiff and he were coemployees of the Sanitation Department, (2) the injury was incidental to and arose out of their employment, and (3) plaintiff received medical treatment only as a consequence of his employment, said treatment not being available to the general public. These facts, defendant contends, place the action squarely within the applicable Workmen’s Compensation Law as well as the holdings in Garcia v Iserson (33 NY2d 421) and Schultz *435 v Wyckoff Hgts. Hosp. (51 AD2d 1026), thereby precluding plaintiff from all remedies other than workmen’s compensation.
Plaintiffs quarrel with the above view is that the facts in the instant action are inconsistent with those in the cases urged by defendant, in that plaintiffs injury was not incidental to, nor did it arise out of his employment by the Sanitation Department. Plaintiff maintains that the findings made by the City of New York denying plaintiffs claim for a job-related disability (granting him only straight medical disability) is sufficient verification that the pre-existing tumor did not come about as a result of his activities in the course of employment with the Department of Sanitation. Plaintiff further claims that his case can be differentiated from Garcia in that there the physician employee caused the injury, whereas plaintiff in the instant action makes no claim that defendant physician caused the injury (the tumor) of which plaintiff complains.
The flaw in plaintiffs argument is that he has not used the term injury in its correct perspective. Plaintiff, indeed, suffers from a cell tumor in his right humerus. However, the injury which is the basis of the instant lawsuit is not the tumor, but rather it is the alleged misdiagnosis by defendant of plaintiffs pre-existing condition and defendant’s failure to properly treat plaintiff. That injury, the proof of which is necessary to make a prima facie case, most certainly is incidental to and arose out of his employment; e.g., plaintiffs contact with defendant physician was at the Sanitation Department Clinic to which only employees are admitted, and furthermore plaintiff would not have been examined and diagnosed by the defendant unless he was an employee of the Sanitation Department, as was the defendant.
It is apparent to this court that the instant matter is in conformity with the controlling cases cited by defendant. The case of Golini v Nachtigall (75 Misc 2d 523, affd 46 AD2d 628) relied upon in part by plaintiff, substantiates defendant’s contentions when read in its entirety.
The Workmen’s Compensation Law, pleaded as an affirmative defense, is dispositive, prohibiting plaintiff from bringing an action in malpractice.
Accordingly, the motion for summary judgment is granted and the complaint is dismissed.