OPINION OF THE COURT
Arthur S. Hirsch, J.
Plaintiff moves to reargue and to vacate the order of this court dated September 19, 1977 and for a further order striking defendant’s affirmative defense. (See 91 Misc 2d 433.)
The court had previously found that plaintiff’s malpractice action against a fellow worker (a physician also employed by the Department of Sanitation of the City of New York) was *637 barred by subdivision 6 of section 29 of the Workers’ Compensation Law which provided that compensation benefits are the exclusive remedy of an employee negligently injured by another in the same employ.
In an affidavit in the instant motion, plaintiff states that subsequent to his being apprised of the order of September 19, 1977, he sought to obtain workers’ compensation benefits. He was informed that, pursuant to New York State Workers’ Compensation Law promulgated in 1962, the Environmental Protection Administration (Department of Sanitation of the City of New York) was excluded from workers’ compensation coverage. In lieu thereof, the City of New York, as a self-insurer, provides full salary to workers injured or ill and additionally provides hospital care and treatment for line of duty injuries (Administrative Code of the City of New York, §§ 752-7.1, B42-10.0).
The compensation coverage of the City of New York is not analogous to the workers’ compensation provisions and particularly in that there is no clause in the city’s coverage similar to the Workers’ Compensation Law precluding one employee from suing another employee for negligence.
The affidavits submitted on the original motion omitted any information concerning the exclusion of the Department of Sanitation from workers’ compensation coverage, as apparently neither plaintiff nor his attorney was aware of that fact, at that time. Although some time has passed since the underlying order was signed, plaintiff has made it clear that he did not have knowledge of the new facts he now submits to the court until he attempted to follow the court’s order to seek relief through workers’ compensation benefits.
Ordinarily, a motion to "reargue” may not be made after the time to appeal has expired, but a motion to "renew” is not so limited and can be made within any reasonable time (Prude v County of Erie, 47 AD2d 111).
In a renewal motion, the party must present new facts and must indicate the reason the information was not brought to the Judge’s attention in the previous motion, whether because of mistake, inadvertedness or excusable neglect (Ecco High Frequency Corp. v Amtorg Trading Corp., 81 NYS2d 897, affd 274 App Div 982).
Plaintiff has met these requirements and the court will therefore treat the instant motion to "reargue” as a "renewal” motion (CPLR 2221; Siegel, Practice Commentaries, Me- *638 Kinney’s Cons Laws. of NY, Book 7B, CPLR C222L9, p 160), which is herewith granted.
Upon renewal and reconsideration, the court denies defendant’s original motion for an order granting summary judgment and dismissal of the complaint on grounds that plaintiffs exclusive remedy is workers’ compensation as pleaded in an affirmative defense. The fact that workers’ compensation benefits are not available to plaintiff and that there is no provision under sections 752-7.1 and B42-10.0 of the Administrative Code which precludes plaintiff from suing a fellow employee, plaintiff is entitled to his day in court. Accordingly, the order of this court dated September 19, 1977 is herewith vacated and the affirmative defense of defendant of workers’ compensation is to be stricken from the answer.