I Q ORIGINALS, INC., Respondent, v BOSTON OLD COLONY INSURANCE COMPANY, Appellant.

First Department, February 11, 1982

APPEARANCES OF COUNSEL

*Joseph B. McDonald* of counsel (*McDonald & Herbermann,* attorneys), for appellant.

*Benjamin Zalman* of counsel (*Zalman & Schnurman,* attorneys), for respondent.

OPINION OF THE COURT

LUPIANO, J.

Defendant insurer issued a policy of insurance covering *"all risks* of physical loss or damage to the insured property from any cause whatsoever" (emphasis supplied) to the plaintiff, a wholesaler of merchandise. The policy contains a clause limiting liability in pertinent part as follows: "This company shall not be liable hereunder for more than A $20,000.00 in any one shipment, but not exceeding B $40,000.00 in any loss, disaster or casualty." This limitation of liability clause was subsequently amended on consent to increase the respective "one shipment" and "loss" limitations to $60,000 each. The amended clause reads in pertinent part: "This company shall not be liable hereunder for more than: A. In any one shipment; $60,000.00 * * * B. But in any loss, disaster or casualty for not

exceeding $60,000.00." Plaintiff's five separate shipments of goods worth respectively $21,584; $69,135; $48,147; $39,620; and $88,095, were picked up by ESK Transportation Corp., who acting on instructions of its client Saks Fifth Avenue Corp., plaintiff's customer, consolidated the five shipments by repacking them on one truck at its New Jersey warehouse. On October 1, 1979 the truck containing these shipments was hijacked.

Defendant's contentions to the contrary notwithstanding, it is clear that five shipments and not one shipment are involved for purposes of coverage. The limitation of liability clause is unambiguous and its construction presents a question of law. It is clear from the clause that the term "shipment" is not synonymous with the term "loss" and that while "one shipment" may be the equivalent of a "loss," it does not necessarily follow that a "loss" is the equivalent of a "shipment". To hold otherwise renders the limitation in respect of "any loss, disaster or casualty" mere surplusage. It is noted that utilization of capitalized letters "A" and "B" denoting the two respective areas of limitations further supports the manifest and unambiguous intent that different limits on liability are placed respecting "shipment" and "loss". Under "B" the term "loss" is grouped with the terms "disaster" and "casualty". This clearly evidences an "event" approach (cf. *Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169). "Casualty" is defined in Webster's New Collegiate Dictionary [2d ed] as, *inter alia,* "accident" and "an unfortunate occurrence" while "disaster" is defined as a "sudden and extraordinary misfortune", "an *event* or situation regarded as a terrible misfortune" (emphasis supplied). The hijacking of the truck constituted one event or occurrence, not five separate events or occurrences. "Loss, disaster of casualty" as construed by the ordinary business person when he purchases and pays for insurance describes an event (cf. *Johnson Corp. v Indemnity Ins. Co. of North Amer.,* 7 NY2d 222).

The circumstances delineated in the record viewed against the terms of this unambiguous insurance policy mandate the conclusion that one loss involving five shipments occurred. Accordingly, under the limitation of liability clause in the policy, plaintiff's recovery must be limited

to $60,000. The judgment of the Supreme Court, New York County (ASCIONE, J.), entered May 13, 1981, after a non-jury trial in the amount of $229,351 against the defendant should be modified, on the law, to the extent of reducing the amount of the award to $60,000 and, as so modified the judgment should be affirmed, with costs.

KUPFERMAN, J. P. (dissenting). I would affirm and hold for the plaintiff.

The plaintiff is a wholesaler of merchandise sold to, among others, Saks Fifth Avenue. On September 28 and 29, 1979, the plaintiff prepared five different orders for Saks, and a trucker picked up the shipments at five different times on those two days and brought them to a central terminal, where they were loaded on one truck for delivery to Saks. However, before delivery, the truck was hijacked.

The insurance policy originally provided as follows: "This company shall not be liable hereunder for more than $20,000.00 in any *one* shipment, but not exceeding $40,000.00 in any *loss*" (italics added). This clause was amended prior to the theft to raise the amounts to $60,000 and $60,000 respectively.

There can be no doubt that there were five separate shipments, but the question is whether there was one loss or five losses.

If there are five losses, then the recovery should be, as the court below found in this nonjury trial, in the amount of $229,351. Otherwise, the recovery would be, as the majority now holds, $60,000.

The five shipments varied from values of $21,000 through $88,000 to make the total of the judgment at Trial Term. As was said many years ago by CARDOZO, J., insurance policies should be construed according to the "reasonable expectation and purpose of the ordinary business man when making an ordinary business contract." (*Bird v St. Paul Fire & Mar. Ins. Co.,* 224 NY 47, 51.)

It cannot be said that the provision involved is so clear that there could be no confusion as to its meaning. (*Kratzenstein v Western Assur. Co. of City of Toronto,* 116 NY 54, 59.)

However, with the modification that provides for recovery of $60,000 on any one shipment and $60,000 also for any one loss, it would seem that with five shipments there could be five losses.

In any event, it should be construed against the insurer, which did not define the difference with more particularity. (*Janneck v Metropolitan Life Ins. Co.,* 162 NY 574.)

BIRNS, SULLIVAN and MARKEWICH, JJ., concur with LUPIANO, J.; KUPFERMAN, J. P., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on May 13, 1981, modified, on the law, to the extent of reducing the amount of the award to $60,000 and, as so modified the judgment is affirmed. Appellant shall recover of respondent $75 costs and disbursements of this appeal.