■ HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, et al., Respondents, and COUNTY OF SARATOGA, Appellant.—Harvey, J. Appeals from two judgments of the Supreme Court (Brown, J.), entered September 18, 1987 in Saratoga County, and an amended judgment of said court, entered October 28, 1987 in Saratoga County, upon a decision of the court, without a jury, in favor of various defendants.

In July 1978, an agreement was entered into between defendant County of Saratoga and defendant City of Saratoga Springs, whereby the county agreed to sponsor and the city agreed to implement a CETA (Comprehensive Employment Training Act) Federally designed program in aid of low income persons. The agreement contained the following "hold harmless" clause:

"Disclaimer of Liability

"The operator [city] shall hold and save the Government,

the sponsor [the county] their officers, agents and employees, harmless from liability of any nature or kinds, including costs and expenses, for or on account of any or all suits or damages sustained by any persons or property resulting in whole or in part, from the negligent performance or omission of any employee, agent or representative of the operator *by endorsement of an insurance policy naming the Government and Prime Sponsor and [sic] additional insured"* (emphasis supplied).
At the time in question, the city was insured under a special multiperil policy issued by defendant Firemen's Insurance Company of Newark, New Jersey (hereinafter Firemen's).

Thereafter, in August 1978, seven-year-old Hans Boice, a participant in the city's CETA program, was struck by an automobile while he was under the supervision of a city employee. In a personal injury action commenced as a result of that accident, both the county and the city were among the named defendants. Prior to the initiation of this action, plaintiff, the county's insurer, learned that the county was not named as an additional insured on the city's policy as required by the agreement between the county and the city and that Firemen's would not defend the county in the Boice action. Accordingly, the county was provided a defense and afforded coverage in that suit by plaintiff and the city was covered by Firemen's. The Boice claim was eventually settled for $570,000, with Firemen's paying $300,000 on behalf of the city, plaintiff paying $250,000 on behalf of the county and the insurer of the driver paying $20,000.

Plaintiff then commenced this action against, among others, the city, Firemen's and defendant Clements and Moncsko Agency, Inc. (hereinafter Clements), the city's insurance agent (hereinafter collectively referred to as defendants), seeking a declaration that these parties owed the county and its insurer, plaintiff, indemnification for the defense and settlement of the Boice action. This claim was based on the "hold harmless" clause contained in the CETA agreement. Following a nonjury trial, Supreme Court granted judgments in favor of defendants and plaintiff and the county now appeal.

There must be an affirmance. Despite the fact that the city and Clements were clearly negligent in failing to obtain the necessary endorsement naming the county as an additional insured, we find that plaintiff and the county were not damaged as a result and, thus, they are not entitled to recover the amounts expended in settling the Boice action. Plaintiff and the county argue that the "hold harmless" clause provides for

unlimited indemnification on the city's part in the event that liability was imputed to the county. Instead, the clause, read as a whole, only requires the city to arrange for an endorsement of an insurance policy naming the county as an additional insured. The clause does not refer to which insurance policy must be endorsed or even mention the amount for which the county was to be held harmless. As such, this clause is inartfully worded and vague since the county could have obtained coverage for an insignificant amount and still have been in compliance with its provisions. Since the city maintains that the county itself prepared the CETA agreement, any ambiguities it contains may be construed against the county as the drafter *(see, Jacobson v Sassower,* 66 NY2d 991, 993; 4 Williston, Contracts § 621, at 760-761 [3d ed]).

The evidence shows that the city intended to have the county added to the multiperil policy it obtained from Firemen's but did not. However, the city's policy clearly provides that, regardless of the number of insureds named under the policy, the total liability of Firemen's for all damages because of bodily injury shall not exceed $300,000 for each occurrence. This $300,000 was paid out on behalf of the city and no further coverage could have been extended. Thus, Supreme Court was correct in stating that, "even if the insurance policy was properly endorsed * * * no greater amount than the $300,000.00 paid by the defendant, Firemen's * * * would have been provided for by virtue of their coverage".

Plaintiff and the county vigorously maintain, however, that if the CETA contract were added to the *contractual* bodily injury liability segment of the policy, Firemen's would be responsible for an additional $300,000. This argument fails on two grounds. First, a plain reading of the "hold harmless" clause implies a coverage for tort liability and not for any contractual liability arising therefrom. Second, even if the clause did require the city to afford the county contractual coverage, a clear reading of the policy indicates that the bodily injury liability and contractual bodily injury liability provisions of the policy have an *aggregate* limit of $300,000 for "each occurrence". This limitation of liability clause is unambiguous *(see, I Q Originals v Boston Old Colony Ins. Co.,* 85 AD2d 21, 22, *affd* 58 NY2d 651) and negates the proposition that a greater amount than $300,000 could have been paid out pursuant to the policy *(cf., Scranton Volunteer Fire Co. v United States Fid. & Guar. Co.,* 450 F2d 775, 776).

Our finding that plaintiff and the county were not damaged by the failure to add the county to the city's policy renders

academic the remaining arguments relating to, *inter alia,* whether a proper demand to defend was made upon Firemen's by plaintiff. Similarly, the contention of plaintiff and the county that a backdated certificate of insurance issued by Clements constituted an endorsement of the insurance policy need not be considered. Even if we were persuaded by this latter argument, as stated previously, any endorsement of the policy would be rendered meaningless in light of the fact that all funds that could have been paid out from the policy were exhausted.

Judgments affirmed, with one bill of costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.