■ GEORGE R. HADDEN, Respondent, v BERNADINE FISK, Appellant. [660 NYS2d 175] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered April 2, 1996 in Albany County, which granted plaintiff's motion for summary judgment dismissing defendant's counterclaim.

Plaintiff, doing business as Precision Exteriors, sued defendant for injuries he sustained due to a fall from a ladder while he was working on defendant's three-family dwelling. Plaintiff alleged negligence and violations of the Labor Law. Defendant answered and interposed a counterclaim for fraud based on plaintiff's alleged misrepresentation that "[o]ur workers are fully covered by Workmen's Compensation Insurance" for the purpose of inducing defendant to accept the proposal to remodel her building. She seeks indemnification from plaintiff on this basis. Plaintiff moved for summary judgment dismissing defendant's counterclaim and the motion was granted by Supreme Court. Defendant appeals.

The alleged misrepresentation made by plaintiff as to the existence of workers' compensation coverage does not in any way affect defendant's own liability for negligence or for violations of the Labor Law.[1] Defendant is not entitled to indemnification under these circumstances (*see, e.g., Hartford Acc. & Indem.*

---

1. Coverage under workers' compensation would not inure to defendant's benefit in any event (*see generally, Ruiz v Chase Manhattan Bank,* 211 AD2d 539, 540).

*Co. v Firemen's Ins. Co.*, 146 AD2d 855).[2] Defendant has thus failed to allege an injury necessary to state a case of action for fraudulent misrepresentation (*see, Khoury v Alger*, 174 AD2d 918, 919).

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Plaintiff did not obligate himself to contractually indemnify defendant for claims arising in the course of the work.