Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp. (2020 NY Slip Op 07450)





Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp.


2020 NY Slip Op 07450


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 156925/13 Appeal No. 12592-12592A-12592B Case No. 2020-02046 

[*1]Blue Water Realty, LLC, Plaintiff-Appellant,
v
The Salon Management of Great Neck, Corp. Also Known as The Salon Management of Great Neck, Inc., et al., Defendants-Respondents.


Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for appellant.
Jack L. Glasser P.C., Jamaica (Jack L. Glasser of counsel), for respondents.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered February 25, 2020, which, after a bench trial, held that defendants were entitled to a reduction of the unpaid rent based on the condition of the premises from October 2009 until November 2012, and awarded plaintiff reduced damages of $176,017.39 against defendant The Salon Management of Great Neck, Corp. and $131,798.99 against defendant Pauline Jannelli, and which brings up for review an order of the Supreme Court (Manuel J. Mendez, J.), entered March 22, 2016, which denied plaintiff's motion for summary judgment, and an order of the Supreme Court (James E. d'Auguste, J.), entered June 20, 2018, which also denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion for summary judgment is granted, and the matter is remanded for calculation of plaintiff's damages for the full unpaid rent, interest and attorneys' fees.
Plaintiff should have been granted summary judgment on its claims for unpaid rent, because repeated leaks and flooding were not the types of casualties contemplated by paragraph9 of the lease as excusing rent payments. This Court has previously defined the term "casualty" as an "accident" or an "unfortunate occurrence" (see 45 Broadway Owner LLC v NYSA-ILA Pension Trust Fund, 107 AD3d 629, 631 [1st Dept 2013], lv denied 22 NY3d 852 [2013]; IQ Originals v Boston Old Colony Ins. Co., 85 AD2d 21, 22 [1st Dept 1982], affd 58 NY2d 651 [1982]). Here, all of defendants' witnesses testified that the leaks and flooding were a common occurrence, and in fact, the basement flooded every time it rained. The record shows that there was nothing sudden or unexpected about the flooding to bring it within the purview of paragraph 9 titled "Destruction, Fire and Other Casualties." While defendants had a right to bring an action against plaintiff for breach of contract if they believed that it was plaintiff's responsibility to perform repairs to address the leaks, the lease expressly states that the rental payments must be made even if the landlord is in breach (paragraph 4), and defendants have failed to submit evidence of their damages.
Since defendants failed to perform under the lease by not paying the full amount of rent after the expiration of a temporary rent reduction period, plaintiff's motion for summary judgment should have been granted. Defendants' arguments for constructive and partial actual eviction were never raised in their answer or posed as a counterclaim, and the court properly declined to consider them.
Because the lease provided for payment of reasonable attorneys' fees, plaintiff is entitled to such an award (see Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50, 55 [1st Dept 2014], affd 24 NY3d 742 [2015]), and the matter should be remanded for calculation of attorneys' fees as well as the amount of rent due and interest.
THIS CONSTITUTES THE DECISION AND ORDER OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020