ORA M. VOLK, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued June 6, 1940; decided November 26, 1940.

*Jacquin Frank, Myron Wisoff* and *Herman D. Mines* for appellant.

*William C. Chanler, Corporation Counsel* (*James Hall Prothero, Paxton Blair* and *William F. Miller* of counsel), for respondent.

CONWAY, J. This is an action for personal injuries. The plaintiff is a registered nurse employed under a contract by which she was paid ninety dollars per month with board, maintenance and proper medical and surgical attention. She became ill in August after partaking of food while on duty and entered the nurses' infirmary which occupied some rooms on one of the hospital floors. In order to stop plaintiff's vomiting, which had continued

for nearly twenty-four hours, injections of magendie, a morphine solution, were there prescribed and administered.

There was used a decomposed and dangerous solution of magendie which had been pronounced unfit for use by the hospital nurse supervisor as early as the preceding February, but which had, nevertheless, been retained among the medical supplies in the drug cabinet in the infirmary with the request by the supervisor that it be not used and with her explanation that if a nurse were so ill as to require magendie she must go to the hospital proper. Following lancings and, finally, an operation, plaintiff has lost practically the entire use of an arm. Recovery is sought against the city, which is the owner and operator of the hospital, on the theory that there was negligent performance of an administrative duty in that the city furnished and supplied the nurses' infirmary with medication unfit for use. The facts as outlined stand uncontradicted. Judgment for plaintiff has been reversed *upon the law* and the complaint dismissed upon the grounds:

1. That plaintiff was debarred from prosecuting the action because of the exclusive applicable provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67).

2. That the negligence complained of was that of the nurses who administered the decomposed magendie and not that of the hospital in its administrative capacity.

3. That the hospital was protected by the doctrine of governmental immunity.

Defendant failed to plead in its answer that the Workmen's Compensation Law was a bar to plaintiff's recovery. A motion to amend the answer in that respect, made during the trial, was denied. The risk of the injury which plaintiff suffered was not incidental to her employment. It was a risk to which any one receiving like treatment at the hospital would have been subjected. The occurrence of the injury was not made more likely by the fact of her employment. Consequently, the injury did not arise out of and in the course thereof. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126.)

As to the second ground for reversal, that the negligence was that of the nurses and not that of the hospital in its

administrative capacity. It is conceded that the doctrine of *respondeat superior* is not applicable between nurses, engaged in professional tasks in the treatment of patients in a hospital, and their employer. Nevertheless, if a hospital be negligent in the performance of an administrative function, it is liable in damages. (*Schloendorff* v. *Society of New York Hospital*, 211 N. Y. 125.) It is not plaintiff's contention that the hospital is responsible for the acts of its nurses but that the hospital was negligent in an administrative capacity in making available decomposed medical supplies, in this instance magendie. The supervisor of the infirmary knew six months before the occurrence that the stale magendie was available among the infirmary medical supplies and said that it was never used and was not to be used. That supervisor, if the title meant anything, cognizant of the presence of the stale drug, dangerous and unfit for use, was obligated to remove or destroy it. On the facts proved recovery may be had even though both the negligence of the city and of the administering nurses contributed to the injury.

In *Schloendorff* v. *Society of New York Hospital* (211 N. Y. 125, 132), Judge CARDOZO said: " The superintendent is a servant of the hospital; the assistant superintendents, the orderlies, and the other members of the administrative staff are servants of the hospital." In that case he cited *Hillyer* v. *Governors of St. Bartholomew's Hospital* (1909) (2 K. B. 820), wherein it was said that the hospital undertakes as far as doctors and nurses are concerned " that those experts shall have at their disposal, for the care and treatment of the patient, fit and proper apparatus. and appliances." Further in that opinion KENNEDY, L. J., said: "It may well be, and for my part I should, as at present advised, be prepared to hold, that the hospital authority is legally responsible to the patients for the due performance of their servants within the hospital of their purely ministerial or administrative duties, such as, for example, attendances of nurses in the wards, the summoning of medical aid in cases of emergency, *the supply of proper food, and the like.*"

In *Reidford* v. *Magistrates of Aberdeen* (1933) (Scot. Cas. 276) the court said: " All the managers undertake is to provide an efficient, heated, clean, wholesome sick-house, equipped with the necessary furniture and fittings for the reception of patients; to employ a competent staff; *and to provide the necessary medicine and food*" (p. 281).

There was substantial evidence to sustain the finding by the jury that on the *uncontradicted evidence* the defendant was negligent in the performance of an administrative duty in failing to have available for the nurses a fresh morphine solution.

As to the third ground of reversal — governmental immunity. The city of New York in this case did not enjoy governmental immunity. (*Engels* v. *City of New York*, 281 N. Y. 650; *Nathanson* v. *City of New York*, 282 N. Y. 556.) In the *Engels* case plaintiff went to the Kings County Hospital to take something to her sister who was a paying patient. She was on her way to the first floor when she was injured through the negligence of the elevator operator. Kings County Hospital, like Bellevue Hospital, was operated by the defendant. Defendant's contention that it was immune from liability because it was performing a governmental function was not sustained. In the *Nathanson* case plaintiffs' daughter was a patient in the Gouverneur Hospital, also owned, operated and managed by the city. A charge was made for the services rendered plaintiffs' daughter. Plaintiff, while passing through a doorway, was injured when a door fell from its hinges and struck her. The city claimed that the hospital " is a charitable city hospital maintained and operated by the city in its exercise of sovereign governmental powers rather than in its private proprietary capacity," and that, accordingly, " there is no liability in such a case for any acts of any servants, employees or any claim of negligence in the maintenance of a hospital building or other building devoted to such a function." That contention was not sustained.

Plaintiff's claim in the present case is similar to the claim made in the *Engels* and *Nathanson* cases. It is that

defendant was negligent in the maintenance and operation of its hospital in that it made available for use by the nurses a supply of medicine dangerous and unfit for use.

It is urged that the *Engels* and *Nathanson* cases may be distinguished because in both of them the injuries were caused by non-professional employees and in each case plaintiff was visiting a paying patient as to whom the city was not maintaining a charity. There is no difference between an injury caused by a doctor or nurse and one caused by a non-professional employee if the former be acting in an administrative capacity and not in a professional one.

The second distinction sought to be made, that in the *Engels* and *Nathanson* cases the city was not, as to the patient being visited, maintaining a charity, is without basis. Plaintiff at the time of the injury was not a recipient of charity. She was paying for her medical care by her services. She was more than a visitor; she was there in her own right. (Cf. N. Y. City Charter, § 587, effective January 1, 1938.) In the fifth paragraph of the amended complaint plaintiff alleges the making of a contract with Bellevue Hospital under the terms of which she was to render services as a nurse in return for which she was to receive " a salary of $90.00 per month with board and maintenance and proper medical and surgical attention." That was admitted by the answer. Whether Bellevue Hospital is or is not for some purposes operated by the city in its governmental capacity is beside the point. The city was in this instance performing the terms of a contract which it admits in its answer. Presumably the city derived some benefit from the contract. Undoubtedly, if part of plaintiff's compensation had not been board, maintenance and proper medical and surgical attention, the salary which the city would have had to pay would have been more than ninety dollars per month.

Nor is it apparent how the operation and maintenance of the nurses' infirmary was a governmental function. When the city acts to protect the health of its citizens and

furnish medical and surgical treatment to those who cannot pay therefor, it is engaged in a governmental function. Here the infirmary was open only to nurses. The public was not admitted nor treated. It cannot be said that the operation of the infirmary was for the protection of the public's health. It was operated, as far as plaintiff is concerned, in the performance of a contractual duty, not a governmental obligation.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J. (dissenting). The plaintiff's injury, according to the allegations of the complaint and the evidence introduced to prove these allegations, was the result of negligent treatment administered by the hospital as required by the terms of the contract of employment made by the hospital with the plaintiff. It seems to me entirely clear that such an injury arises out of and in the course of the plaintiff's employment and that the remedy afforded by the Workmen's Compensation Law is there exclusive. Even assuming that the pleadings do not permit the defendant to urge that the plaintiff's exclusive remedy is for compensation under the Workmen's Compensation Law, the plaintiff has failed, I think, to establish any cause of action against the defendant for damages caused by the negligence of its employees, for the only negligence which may have been the proximate cause of the injury was the negligence of the nurse in administering the drug.

The judgment should be affirmed.

LOUGHRAN, FINCH, RIPPEY and LEWIS, JJ., concur with CONWAY, J.; LEHMAN, Ch. J., dissents in opinion in which SEARS, J., concurs.

Judgment accordingly.