Jones, J.
We hold that the claim of an employee for alleged malpractice of a physician whose professional services were *423 made available to the employee at the employer’s expense and on its premises fall here within the scope of the Workmen’s Compensation Law.
Plaintiff, an employee of Imperial Paper Box Corporation, was treated in an infirmary on the employer’s premises by Dr. Iserson who allegedly gave him an injection in a negligent manner, causing the injuries of which he complains. Dr. Iserson • had been employed by Imperial at a weekly salary of $100 to give medical care to employees of Imperial. The doctor was required to spend four hours on each of three separate days each week on the employer’s premises. The usual payroll deductions were made from the doctor’s salary check and he was covered under Imperial’s medical plan and its workmen’s compensation insurance policy.
Under these circumstances we conclude that plaintiff’s injuries arose out of and in the course of his employment as the result of the alleged negligence of another in the same employ.
The record does not disclose whether the medical services in this case were provided by the employer in consequence of collective bargaining under the terms of a union contract. We do not think it necessary to find that they were to reach the conclusion we do.
There was here a professional service made available by the employer to its employees; the services were not available generally to members of the public; plaintiff obtained the services not as a member of the public but only in consequence of his employment.
The rationale of our decision in Volk v. City of New York (284 N. Y. 279) would not point to any other result. The determination in that case was predicated on the premise that the risk of injury suffered by the plaintiff there was “ a risk to which any one receiving like treatment at the hospital would have been subjected ” (p. 283). The employer in that case was in the business of rendering medical care. If one of its employees chose to join the group of those seeking such care, she was held to be no different from any other member of the consumer public. Accordingly it was said that the services which she received were not incidental to her employment.
In the case now before us, by contrast, the medical services of which plaintiff availed himself were not to be had by the *424 general public, but were provided as incidental to Ms employment. The risk of injuries to Mr. Garcia at the hands of Dr. Iserson was clearly increased by the fact of Mr. Garcia’s employment.
We note, however, that the facts in Volk parallel those in the present case. An examination of the record in that case discloses that the plaintiff nurse there was injured while receiving care at a nurses’ infirmary which was not open to public patients. The opimon of the court nevertheless was postulated on the hypothesis that the injuries occurred in facilities which were open to the general public. Accordingly, to the extent that the facts in Volk are similar to those now before us we overrule Volk-, as to the opinion, we distinguish it. It was in reliance on the opimon in Volk that we held in Sivertsen v. State of New York (19 N Y 2d 698) that workmen’s compensation was not the exclusive remedy where the plaintiff employee was injured while receiving care provided for all patients at Creedmoor State Hospital.*
Plaintiff’s exclusive remedy in this case for injuries received in the course of medical care rendered to him by Dr. Iserson is under the Workmen’s Compensation Law (Workmen’s Compensation Law, § 29, subd. 6). Since the facts material to the present disposition are undisputed, the complaint in plaintiff’s common-law action for malpractice against the doctor and Imperial must be summarily dismissed.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Waohtlbr and Stevens concur; Judge Babin taking no part.
Order affirmed.

 We do not now reach, and accordingly leave open, the question whether workmen’s compensation would be the exclusive remedy if an employee were injured while availing himself of services or facilities furnished by his employer to the general public if the employee’s access to such services or facilities was a benefit regularly furnished by the employer in consequence of a union contract, an individual agreement, or otherwise.