■ ROBERT SCHULZ et al., Respondents, v WYCKOFF HEIGHTS HOSPITAL et al., Defendants, and ERNEST PITMAN et al., Appellants.—In a medical malpractice action, defendants Pitman and Kaplan appeal from an order of

the Supreme Court, Kings County, dated August 26, 1975, which denied their motion to dismiss the complaint and for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. No findings of fact were presented for review. The facts are undisputed. Plaintiff, a New York City police officer, sustained an injury to his left hand while on duty. He was examined and treated by appellants, Drs. Pitman and Kaplan, at various times at their respective offices. Both were police surgeons for the Police Department, Dr. Pitman receiving an annual salary and Dr. Kaplan serving without pay in an honorary capacity. Appellants' motion was based upon the ground that plaintiff's sole remedy was under the Workmen's Compensation Law in that he and they were fellow employees and that the injury was incidental to, and arose out of, their employment. Special Term denied the motion on the theory that the malpractice claim is independent of the initial injury and that workmen's compensation is not the exclusive remedy. We disagree. The holding in *Garcia v Iserson* (33 NY2d 421) is dispositive here. Upon facts strikingly similar to those before us, the Court of Appeals held that plaintiff's injuries arose out of and in the course of his employment and that his exclusive remedy was under the Workmen's Compensation Law (see Workmen's Compensation Law, § 29, subd 6), although there the injured employee had been availing himself of services or facilities furnished by his employer on the employer's premises. It is clear, however, that in this case, as in *Garcia v Iserson (supra),* plaintiff obtained the professional services, not as a member of the public, but only as a consequence of his employment. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.