■ Mozella Stevens, Respondent, v County of Nassau, Appellant.— In a medical malpractice action, defendant appeals from an order of the Supreme Court, Nassau County, dated August 2, 1974, which denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. Mozella Stevens, the plaintiff, was employed by the County of Nassau as a food service worker in the dietary department of the Nassau County Medical Center (Meadowbrook Hospital). On November 15, 1972, while walking from one area of the hospital grounds to another, she fell and fractured her right wrist. She was treated at the emergency room of the said medical center and continued treatment at its orthopedic clinic. The plaintiff alleged that she suffered a permanently deformed right arm as a result of such treatment. She instituted this medical malpractice action against her employer, the county. The plaintiff's action is not barred by subdivision 6 of section 29 of the Workmen's Compensation Law. The risk of the injury which plaintiff suffered did not arise out of and in the course of her employment (see *Volk v City of New York,* 284 NY 279; *Silvertsen v State of New York,* 19 NY2d 698). We have considered the defendant's other arguments and find them to be without merit. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ Lawrence Sydelman et al., Appellants, v Concetta Marici et al., Respondents.—In an action by contract vendees, *inter alia,* to compel defendants to return their down payment (the first cause of action), or, in the alternative, to foreclose their vendees' lien (the second cause of action), plaintiffs appeal from an order of the Supreme Court, Kings County, dated May 5, 1976, which denied their motion (1) for summary judgment as to their first two causes of action and (2) to dismiss defendants' counterclaim. Order reversed, on the law, without costs or disbursements, and motion granted; plaintiffs are awarded judgment as to their first two causes of action, the counterclaim is dismissed, and the action is remanded to Special Term for further proceedings consistent herewith. The one and one-half foot encroachment of the front of the garage upon the public street is an incurably defective bar to clear title (see General City Law, § 38-a; cf. *Cohen v Kranz,* 12 NY2d 242). Defendants' proposed remedy of removing the encroachment and adding one and one-half feet to the rear of the garage would constitute an alteration from, and a substitute for, what was contracted for. The one and one-half foot portion to the rear, presently unimproved, would be put to a use other than that contemplated by plaintiffs if such change were made. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ Emelie Treib, as Administratrix of the Estate of Magdalena Both, Deceased, Appellant, v County of Dutchess, Respondent. (And a Third-Party Action.)—In a wrongful death action, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated September 10, 1976, which granted defendant's motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion denied. In a wrongful death action against a county based upon improper highway maintenance, the Statute of Limitations is governed by section 139 of the Highway Law, not by section 50-i of the General Municipal Law. Thus, the time begins to run from the service of the notice of claim, not from the time of the accident (see *Forero v Town of Tuxedo,* 51 AD2d 443). Hopkins, Acting P. J., and Damiani, JJ., concur; Latham and Rabin, JJ., concur in the result on constraint of *Forero v Town of Tuxedo* (51 AD2d 443).