(December 21, 1982)

■ EDDIE IRIZARRY et al., Respondents-Appellants, v MINNESOTA MINING AND MANUFACTURING CORP. et al., Defendants, and GENERAL MOTORS CORPORATION, Appellant-Respondent. — Order, Supreme Court, New York County (Schwartz, J.), entered May 19, 1982, granting General Motors' motion for summary judgment to the extent of dismissing the sixth cause of action, modified, on the law, to the extent of also dismissing the seventh, eighth and ninth causes against General Motors, and, as modified, affirmed, without costs. Defendant General Motors Corp. (GM) moved for summary judgment dismissing the action as against it. Plaintiff Eddie Irizarry was a former employee of GM. In the sixth cause of action, plaintiff alleges, *inter alia*, that GM was grossly negligent in exposing him to highly toxic and dangerous substances without providing proper and adequate ventilation. As a result, plaintiff alleges that he suffered serious injuries from inhaling those toxic substances. The compensation liability of an employer shall only be exclusive if the employee's injury arises out of and in the course of his employment. (Workers' Compensation Law, §§ 10, 11; *O'Rourke v Long,* 41 NY2d 219, 226.) An award of compensation by the Workers' Compensation Board (Board) constitutes a finding that the employee's injuries arose out of and in the course of his employment. That finding is binding and conclusive unless vacated or modified by direct proceedings before the Board. (*Doca v Federal Stevedoring*

*Co.*, 280 App Div 940, affd 305 NY 648.) Plaintiff maintains that his injuries under the sixth cause arose out of and in the course of his employment with GM. Moreover, there is evidence that he has already accepted partial compensation under the Workers' Compensation Law. Therefore, he may not bring an independent cause for negligence against GM. His exclusive remedy is found under the Workers' Compensation Law. Plaintiff, in the seventh cause of action, asserts that GM provided medical services to him through defendant Wilbur Duryee, a physician. It is further alleged that defendant Duryee was an employee or a member of the medical staff of GM or both. It is further alleged that defendant Duryee and other members of the GM medical staff are liable for various acts of malpractice in treating the plaintiff. The seventh cause is also founded in negligence. For purposes of GM's motion, it will be assumed that Duryee was an employee during the period plaintiff was treated. There is no dispute that the medical services rendered to plaintiff by GM, Duryee and the medical staff were incidental to his employment. Thus, plaintiff's exclusive remedy for any malpractice is under the Workers' Compensation Law (*Golini v Nachtigall*, 38 NY2d 745). Of course, GM would not be responsible for any malpractice of Duryee if he acted as an independent contractor in treating the plaintiff. It is alleged in the eighth cause that defendants GM and Duryee intentionally and fraudulently advised plaintiff that he was not suffering from any medical illness, disease or disability. Although this cause contains conclusory allegations that defendants made fraudulent misrepresentations as to the status of plaintiff's health, the chief thrust of the claim is intentional tort. The plaintiff's acceptance of compensation benefits also bars this cause for intentional tort. (*Mylroie v GAF Corp.*, 81 AD2d 994, affd 55 NY2d 893; *Werner v State of New York*, 53 NY2d 346.) Plaintiff's wife, Carmen, seeks to recover in the ninth cause for loss of services, society, consortium, affection, love and attention. Because the sixth, seventh and eighth causes of action lack merit as against GM, the spouse may not assert a derivative cause against that defendant (Workers' Compensation Law, § 11). Consequently, the ninth cause should also be dismissed. For the reasons stated, summary judgment should extend to the dismissal of the seventh, eighth and ninth causes of action. Concur — Murphy, P. J., Ross, Bloom and Lynch, JJ.