■ BURTON WOODS et al., Appellants, v EMANUEL DADOR et al., Respondents.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.) entered October 3, 1990, which granted the defendants' motion for summary judgment dis-

missing the complaint as barred by Workers' Compensation Law § 29 (6).

Ordered that the order is affirmed, with costs.

The defendant Associated Universities, Inc. (hereinafter AUI) owns and operates Brookhaven National Laboratories (hereinafter the Lab). The defendant Dr. Emanuel Dador was employed on a full-time basis by AUI in the Lab's occupational health clinic, which was located on Lab grounds. Only authorized Lab personnel or visitors had access to Lab grounds. The plaintiff Burton Woods, who was also employed by AUI at the Lab, became ill on the job and was taken to the clinic, where he was treated by Dr. Dador. The plaintiffs commenced this medical malpractice action alleging that Dr. Dador failed, *inter alia,* to timely diagnose that Mr. Woods was having a heart attack. Upon a motion by the defendants, the Supreme Court, Suffolk County, dismissed the complaint, finding that the plaintiff's exclusive remedy was under the Workers' Compensation Law.

The Supreme Court correctly found that the exclusivity provisions of the Workers' Compensation Law govern the instant situation. Where, as here, medical services are made available by the employer to its employees, the services are not available generally to members of the public, and the plaintiff receives medical treatment not as a member of the public but only as a consequence of his or her employment, the alleged medical malpractice falls within the scope of Workers' Compensation Law § 29 (6) *(see, Garcia v Iserson,* 33 NY2d 421, 423; *see also, Golini v Nachtigall,* 38 NY2d 745; *Schulz v Wyckoff Hgts. Hosp.,* 51 AD2d 1026). That the clinic would occasionally treat, on an emergency basis, other people authorized to be on Lab grounds, does not detract from the fact that it was essentially an employee clinic not open to the general public *(cf., Stevens v County of Nassau,* 56 AD2d 866). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.