■ YOLANDA RUIZ, Respondent, v CHASE MANHATTAN BANK et al., Appellants. [621 NYS2d 345] —Order of the Appellate Term of the Supreme Court, First Department, entered August 5, 1993, which affirmed an order of the Civil Court, New York County (Richard F. Braun, J. [155 Misc 2d 454]), entered September 2, 1992, which denied defendants' motion for summary judgment dismissing the complaint based on an affirmative defense of workers' compensation and granted plaintiff's

cross motion to dismiss that defense, unanimously affirmed, without costs.

The Appellate Term correctly concluded that this action is not barred by the exclusivity provisions of the Workers' Compensation Law. In order to be eligible for workers' compensation payments, benefits received by an employee "must be available only to the employer's workers and not to members of the general public * * * and the injuries suffered from the allegedly negligent [provision of those benefits] must, however tangentially, be somehow work related. Otherwise, the remedy must lie in a suit for damages." *(Botwinick v Ogden,* 87 AD2d 293, 296, *revd on other grounds* 59 NY2d 909.) Here, it is true that initially persons not employed by defendant Chase Manhattan Bank (Chase) itself inside Chase's building were not allowed access to the pharmacy in which plaintiff purchased the allegedly defective prescription. However, it is clear that by the time the allegedly negligent act occurred in 1984, the pharmacy was *not* available *only* to Chase workers *(see, supra),* but was in fact *systematically* available to about 2,500 non-Chase employees who worked inside the building. Thus, for purposes of determining the applicability of workers' compensation benefits, the pharmacy service cannot be deemed to have been an exclusive benefit of Chase employment *(compare, Woods v Dador,* 187 AD2d 648, 649, wherein the fact that the employee health clinic "would *occasionally* treat, on an *emergency* basis, other people authorized to be on [the company's] grounds, does not detract from the fact that it was essentially an employee clinic not open to the general public" [emphasis added]). Moreover, as the Appellate Term noted, no special discounts or other privileges were extended to Chase employees as opposed to the large number of non-Chase employees in the building, and "it [was] not shown that Chase employees were actively encouraged to use the pharmacy or that Chase itself derived a meaningful benefit from the voluntary use which was made of the pharmacy". Finally, there has been no showing that the injuries plaintiff received were in any way the result of her performance of the work for which she was employed *(Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 327); at her option she utilized the pharmacy apparently during her free time to purchase a prescription for a concededly non-occupational ailment *(compare, Woods v Dador, supra,* wherein the plaintiff employee was taken to the employee health clinic after becoming ill on the job). Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ. *[See,* 158 Misc 2d 948.]