■ ARLENE M. LITWAK, as Administratrix of the Estate of MYRON LITWAK, Deceased, Appellant, v OUR LADY OF VICTORY HOSPITAL OF LACKAWANNA et al., Defendants, and KENNETH H. ECKHERT, JR., Respondent. (Appeal No. 1.) [660 NYS2d 912] —Order unanimously reversed on the law with costs, motion denied, complaint and cross claims reinstated and summary judgment granted to plaintiff dismissing second affirmative defense. Memorandum: In this medical malpractice action arising out of the death of plaintiff's decedent following treatment in a hospital emergency room, plaintiff appeals from an order granting the motion of defendant Kenneth H. Eckhert, Jr., M.D., for summary judgment dismissing the complaint and cross claims against him as barred by workers' compensation. We conclude that Supreme Court erred in granting Eckhert's motion.

In determining whether the exclusive remedy of the Workers' Compensation Law bars a cause of action for medical malpractice, several factors must be considered, including whether the medical services obtained by the employee were available generally to members of the public and, if so, whether the employee obtained those services as a member of the public as opposed to "only in consequence of his employment" (*Garcia v Iserson,* 33 NY2d 421, 423; *see, Firestein v Kingsbrook Jewish Med. Ctr.,* 137 AD2d 34, 39; *see also, Milashouskas v Mercy Hosp.,* 64 AD2d 978; *Stevens v County of Nassau,* 56 AD2d 866). Another factor is whether the injury that occurred was a result or a risk of the employment (*see, Ruiz v Chase Manhattan Bank,* 211 AD2d 539, 540; *Stevens v County of Nassau, supra; see generally, Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 326-330). "No court has ever interpreted [Workers' Compensation Law § 29 (6)] so as to preclude a party, who is initially injured in the course of his employment, from recovering in an action at law for the additional damages caused by an aggravation of the injury which occurs outside the scope of his employment, solely on the ground that the aggravation was caused by a coemployee" (*Firestein v Kingsbrook Jewish Med. Ctr., supra,* at 39; *see also, Sivertsen v State of New York,* 19 NY2d 698, 700).

As a matter of law, neither Eckhert nor decedent was acting within the scope of his employment at the time of treatment. The record establishes that decedent, an employee of Ford Motor Company (Ford), was being treated as a hospital patient, not as a Ford employee, and that Eckhert was not required as part of his employment with Ford to treat employees off Ford's premises or personally oversee employees' treatment by other doctors or hospitals. Not only was Eckhert not required to go to the hospital, he had no intention of doing so after the plant nurse called Eckhert to inform him of decedent's injury. Not until he was called in by the hospital as a specialist did Eckhert undertake to treat decedent. Moreover, after treating decedent, Eckhert wrote a prescription on a pad bearing the address and telephone number of his private medical practice. Further, he instructed decedent to see him at his "office", meaning his office at the Ford plant or his private office, whichever was more convenient for decedent. The hospital record reflects that decedent was to follow up with Eckhert as his "PMD", or personal or private medical doctor. Finally, the treatment in question was not rendered at the Ford plant, or even at Eckhert's private office, but in a hospital emergency room serving members of the public generally.

Because we conclude as a matter of law that the treatment was neither sought nor rendered in the scope of decedent's and Eckhert's employment with Ford, deference to the Workers' Compensation Board is not necessary and the question need not be referred to the Board for the exercise of its primary jurisdiction (*see, O'Rourke v Long,* 41 NY2d 219, 224; *Firestein v Kingsbrook Jewish Med. Ctr., supra,* at 41). We therefore reverse the order, deny Eckhert's motion for summary judgment, reinstate the complaint and cross claims against Eckhert, and grant summary judgment to plaintiff dismissing the second affirmative defense of workers' compensation (*see generally,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.