■ MICHAEL CRONIN, Appellant, v HERBERT S. PERRY, Defendant, and LORETTA SCHINDELMAN et al., Respondents. [664 NYS2d 123] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 22, 1996, which granted the separate motions of the defendant Loretta Schindelman and Photocircuits Corporation for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered January 9, 1997, which dismissed the complaint insofar as asserted against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further;

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248), the issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, an electrician employed full-time by the defendant Photocircuits Corporation (hereinafter Photocircuits), sustained a chemical burn while on the job and was treated by a nurse employed by Photocircuits, the defendant Loretta Schindelman. Schindelman referred the plaintiff to Herbert Perry, M.D., a physician not connected with Photocircuits, who, failing to appreciate the gravity of the injury, sent him back to work and into the allegedly inept care of Schindelman. Although the plaintiff filed for and collected workers' compensation benefits for his injuries, he subsequently instituted the instant action alleging malpractice on the part of Schindelman and negligence on the part of Photocircuits in failing to provide competent medical care for employees injured on the job. The

court granted the separate motions of Schindelman and Photocircuits for summary judgment dismissing the complaint insofar as asserted against them, and we affirm.

It is well established that the exclusive remedy available to an employee injured in the course of his employment by either a fellow worker or by his or her employer is to file a claim for workers' compensation benefits (*see,* Workers' Compensation Law §§ 10, 11, 29 [6]; *Gonzales v Armac Indus.,* 81 NY2d 1; *O'Rourke v Long,* 41 NY2d 219; *Nash v Oberman,* 117 AD2d 724). This rule is in no way altered or diminished when the allegedly negligent co-worker is a member of the employer's on-premises medical staff, hired exclusively to supply first aid to personnel requiring medical attention on the job (*see, e.g., Garcia v Iserson,* 33 NY2d 421). "Where, as here, medical services are made available by the employer to its employees, the services are not available generally to members of the public, and the plaintiff receives medical treatment not as a member of the public but only as a consequence of his or her employment, the alleged medical malpractice falls within the scope of Workers' Compensation Law § 29 (6)" (*Woods v Dador,* 187 AD2d 648, 649; *cf., Stevens v County of Nassau,* 56 AD2d 866). In addition, the plaintiff's acceptance of a substantial award by the Workers' Compensation Board, based on a determination made when it was acting in a quasi-judicial capacity, is res judicata with respect to all claims that were or could have been raised by the plaintiff relative to his injury, and he may not now proceed against his employer and co-worker on newly-devised theories of liability (*see, e.g., O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346; *Daniels v Zelco, Inc.,* 159 AD2d 538). Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.