■ DOUGLAS C. MARANGE, as Administrator of the Estate of CHRISTINE MARANGE, Deceased, et al., Respondents-Appellants, v CHARLES SLIVINSKI, Appellant-Respondent. [684 NYS2d 199] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about April 7, 1998, denying defendant's motion to dismiss the complaint based on Workers' Compensation Law § 29 (6), unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is

directed to enter judgment in favor of defendant dismissing the complaint. Plaintiff's cross-appeal from the denial of his motion to strike defendant's Workers' Compensation Law defense unanimously dismissed, without costs, as academic.

Plaintiff's late wife and defendant, a physician who treated her, were co-employees of CBS at all times relevant to this action. CBS employed defendant as a corporate medical director and assigned him an office on the CBS premises, where he would give advice and treatment to fellow employees. This service was available exclusively to CBS employees. Plaintiff brought this malpractice action, alleging that when plaintiff's decedent wife consulted with defendant about a lump in her breast, he negligently failed to diagnose it as breast cancer, causing her death.

The Workers' Compensation Board dismissed decedent's claim for compensation on the ground that the injury was not within the scope of the Workers' Compensation Law. Plaintiff therefore moved to strike the Workers' Compensation defense, and defendant cross-moved to dismiss the complaint based on the fellow-employee rule of Workers' Compensation Law § 29 (6). The IAS Court denied both motions. We find that defendant's cross-motion should have been granted. At the outset, we note that although the Board took the position that the Workers' Compensation Law did not provide plaintiff with a remedy for defendant's alleged malpractice, this determination does not preclude defendant from raising the Workers' Compensation defense, because he was not a party to the proceeding before the Board (*Liss v Trans Auto Sys.,* 68 NY2d 15, 22).

Workers' Compensation Law § 29 (6) provides that Workers' Compensation benefits shall be the exclusive remedy when an employee is "injured or killed by the negligence or wrong of another in the same employ". In the leading case of *Garcia v Iserson* (33 NY2d 421, 422-423), the Court of Appeals held that this statute applied to an employee's malpractice claim against a doctor "whose professional services were made available to the employee at the employer's expense and on its premises", which is clearly the situation in the instant case. The key factors dictating the application of the fellow-employee rule are as follows: the doctor's professional services were offered and paid for by the employer; the services were not available to the general public; and plaintiff obtained the services not as a member of the public but only as a consequence of his employment (*supra,* at 423). This rule has been reaffirmed numerous times in cases factually identical to the case at bar (*Irizarry v Minne-*

*sota Min. & Mfg. Corp.*, 91 AD2d 558, 559; *Cronin v Perry*, 244 AD2d 448, 449; *Woods v Dador*, 187 AD2d 648, 649; *compare*, *Ruiz v Chase Manhattan Bank*, 211 AD2d 539, 540 [fellow-employee rule inapplicable because pharmacist's services available to all persons working in building, not just those employed by plaintiff's employer]). Accordingly, the action should have been dismissed. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.