■ CYNTHIA McKAY, Appellant, v JOSEPH CIANI, Defendant, and COUNTY OF SCHENECTADY, Respondent. [720 NYS2d 601] —Peters, J. P. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered December 21, 1999 in Schenectady County, which, *inter alia*, granted defendant County of Schenectady's motion for summary judgement dismissing the complaint against it, and (2) from an order of said court, entered February 29, 2000 in Schenectady County, which denied plaintiff's motion for reconsideration.

Plaintiff was employed by defendant County of Schenectady as a medication room nurse at the Glendale Nursing Home. In 1994, she entered counseling with defendant Joseph Ciani, a licensed social worker and director of the County's Employee Assistance Program (EAP),[1] for a substance abuse problem. According to plaintiff, Ciani encouraged her to have numerous

---

1. Pursuant to an agreement between the County and the unions representing its employees, the EAP provides County employees with certain counseling and therapeutic services to help "identify performance-related problems at the earliest possible time * * * [in order to] direct the employee toward the best assistance possible."

sexual liaisons in order to boost her self-esteem. Following her release from a treatment facility in the summer of 1994, he made his own sexual proposition to her, thus commencing a long-term sexual relationship. After their relationship terminated, plaintiff alleged that Ciani had manipulated his position as a therapist to pursue his own sexual gratification, thereby causing her to suffer anxiety, depression and psychic trauma.

Plaintiff commenced this action against both Ciani and the County alleging, *inter alia*, negligence, malpractice and the intentional infliction of emotional distress. The County answered and, more than 120 days after the filing of a note of issue, moved for leave to serve a summary judgment motion (*see,* CPLR 3212 [a]), contending that the Workers' Compensation Law provided plaintiff with an exclusive remedy. Finding no prejudice, Supreme Court permitted the late motion, agreed that the Workers' Compensation Law provided plaintiff with her sole remedy, and dismissed the complaint against the County.[2] Plaintiff appeals and we affirm.[3]

Addressing plaintiff's procedural challenge, CPLR 3212 (a) provides that a court may permit a late proffer of a motion for summary judgment if "good cause [is] shown." Vested with broad discretion to so determine, a court may extend the time period to permit a "belated but meritorious motion in the interest of judicial economy [where] the opposing party has not manifested any prejudice" (*Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779-780; *see, Auger v State of New York*, 236 AD2d 177, 179). Here, as plaintiff has not demonstrated prejudice, we find no abuse of discretion (*see, Samuel v A.T.P. Dev. Corp.*, 276 AD2d 685; *Goodman v Gudi*, 264 AD2d 758; *Rossi v Arnot Ogden Med. Ctr., supra*).

Turning to the merits, it is well settled that the exclusive remedy available to an employee injured in the course of employment is provided by the Workers' Compensation Law (*see, Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416; *see also*, Workers' Compensation Law §§ 10, 11, 29 [6]). Injuries arising from professional services rendered by the employer exclusively to employees at the employer's expense and on its premises are subsumed by the statute (*see, Garcia v Iserson*, 33 NY2d 421; *Woods v Dador*, 187 AD2d 648). Also precluded are actions for negligent supervision (*see, Maas v Cornell Univ.*,

---

**2.** The case against Ciani proceeded to trial and resulted in a verdict in favor of plaintiff.

**3.** Although plaintiff filed a notice of appeal from a subsequent order that denied a motion for reconsideration, that appeal was abandoned (*see, Northern Cent. Bank v Corneby*, 230 AD2d 937, 939, n 2).

253 AD2d 1, 3, *affd* 94 NY2d 87) and, unless the employer deliberately acts to harm the employee, vicarious liability for an employee's intentional tort (*see, Hart v Sullivan*, 84 AD2d 865, *affd* 55 NY2d 1011).

Here, plaintiff contends that she suffered from substance abuse and psychological problems prior to her employment with the County. Thus, she contends that the Workers' Compensation Law does not apply because her contact with Ciani was not predicated upon a problem arising "out of and in the course of [her] employment" (Workers' Compensation Law § 10). We disagree. Although plaintiff may have suffered from psychological problems and substance abuse prior to her employment with the County, the substance abuse for which she sought treatment from Ciani was work-related. Her pretrial testimony explains that she found herself progressively stealing and using increased amounts of narcotics from the medication room in which she was stationed and, fearful that she would ultimately lose her job, sought treatment through the EAP.

Hence, the substance abuse, initiated and fostered by the proximity and availability of narcotics provided by her work environment, precipitated her treatment by and with Ciani, whose services were provided solely as a consequence of her employment; the sexual relationship which thereafter developed, and the emotional injuries sustained therefrom, directly flowed from the professional services provided by the County in response to plaintiff's work-related dependency on drugs (*see, Marange v Slivinski*, 257 AD2d 427; *Cronin v Perry*, 244 AD2d 448; *cf., Matter of Malavenda v New York Tel. Co.*, 188 AD2d 962; *Matter of Allen v American Airlines*, 78 AD2d 917, *lv denied* 53 NY2d 605).

Finding the requisite nexus between her injuries and employment, we agree that plaintiff's action against the County was barred by Workers' Compensation Law § 29 (6) (*see, Garcia v Iserson*, 33 NY2d 421, *supra*; *Marange v Slivinski, supra*; *Cronin v Perry, supra*; *Woods v Dador*, 187 AD2d 648, *supra*).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.