■ IRAIDA FELICIANO-DELGADO, Respondent, v NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY HEALTH CENTER, INC., Defendant, and IYYADORAI SREED-HARAN, M.D., et al., Appellants, and ROBERT D. HAAR, M.D., et al., Respondents. [722 NYS2d 498] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered December 22, 1999, which, insofar as appealed from, denied defendants-appellants' motions for summary judgment to dismiss the complaint and cross-claims on the ground that the action against them was barred by the exclusivity provisions of the Workers' Compensation Law, unanimously reversed, on the law, without costs,

and the motions granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and cross-claims as against them.

Plaintiff Iraida Feliciano-Delgado is a registered nurse employed by defendant New York Hotel Trades Council and Hotel Association of New York City Health Center, Inc., doing business as Health Center Family Medical Office (Health Center). Health Center is a medical facility which provides medical services for members of various hotel and restaurant industry union locals. As an employee of Health Center, plaintiff was entitled to treatment from its physicians free of charge. If she saw a doctor not affiliated with Health Center, without a referral from a Health Center doctor, she would be responsible for the cost.

In 1993, plaintiff began experiencing pain in the heel of her right foot, and sought treatment at Health Center. She was treated by the five individual defendants, who are either physicians or podiatrists, all employed by Health Center. Plaintiff alleges that defendants were negligent in failing to diagnose and timely treat her now-debilitating condition, known as "Reflex Sympathetic Dystrophy."

After plaintiff's deposition, defendants Peterson and Wooster moved for summary judgment asserting that plaintiff's exclusive remedy is under the Workers' Compensation Law; defendants Sreedharan and the Health Center cross-moved for the same relief. The motion court's denial of those motions constituted error.

The "fellow-employee rule" of the Workers' Compensation Law provides that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29 [6]). As this Court has recently pointed out, analysis of whether the provision applies in a given instance must focus on three key factors: "the doctor's professional services were offered and paid for by the employer; the services were not available to the general public; and plaintiff obtained the services not as a member of the public but only as a consequence of his employment" (*see, Marange v Slivinski*, 257 AD2d 427, 428).

In *Garcia v Iserson* (33 NY2d 421), the Court of Appeals explained that where an employee was treated in his employer's infirmary by a physician paid by the employer to provide such care, the employee's resulting claim of malpractice against his fellow employee-physician falls within the scope of the Work-

ers' Compensation Law's exclusivity provision. The *Garcia* Court distinguished *Volk v City of New York* (284 NY 279) with the explanation that in *Volk*, the plaintiff, an employee at a public hospital, sought treatment at the hospital just as any member of the public was entitled to, and accordingly, "the services which she received were not incidental to her employment" (33 NY2d at 423, *supra*). This distinction between the two types of situations has been maintained repeatedly: on one hand, there are those where hospital employees seek treatment as a hospital patient, and, on the other, those where medical services rendered by a co-employee are only available to employees. While in the former situation, the injuries resulting from the alleged malpractice do not "arise out of the injured person's employment," in the latter, "a nexus exists between the plaintiff's employment and the occurrence of the malpractice" (*see, e.g., Firestein v Kingsbrook Jewish Med. Ctr.*, 137 AD2d 34, 39). However, plaintiff's situation does not fall neatly within either category.

Plaintiff equates her circumstances with those cases involving hospital employees, in that she was an employee at a medical facility, seeking treatment just as would any other patient of the facility, rather than merely obtaining medical assistance from an employer's in-house infirmary which was created solely to serve employees. She contends that since the services at issue here were available to a *segment* of the general public, rather than just to employees, the exclusivity provision of the Workers' Compensation Law does not apply to her.

However, the cases involving employees of public hospitals who obtain medical care at those hospitals are not controlling here. The requirement that the services received be unavailable to the general public does not necessarily require that the availability of medical services have been limited to employees. Where, as here, the provision of medical services is available exclusively to a limited, well-defined group, it is not being provided to "the general public." Indeed, inasmuch as plaintiff is not a member of any of the hotel and restaurant industry unions to whom the Health Center provides its services, she could not have received the medical services in question as a member of that segment of the general public.

Moreover, in *Litwak v Our Lady of Victory Hosp.* (238 AD2d 879), the Fourth Department clarified the application of the fellow-employee rule where the services were available to the public. It explained, "In determining whether the exclusive remedy of the Workers' Compensation Law bars a cause of action for medical malpractice, several factors must be considered,

including whether the medical services obtained by the employee were available generally to members of the public *and, if so, whether the employee obtained those services as a member of the public as opposed to 'only in consequence of his employment'* [citations omitted]." (*Litwak, supra,* at 879 [emphasis added].) Here, unlike *Litwak,* plaintiff obtained the allegedly negligent medical service from her fellow employees *not* as a member of the public, but "in consequence of [her] employment" (*id.*). Consequently, even accepting plaintiff's contention that the medical services provided by her employer should be deemed to have been "available generally to members of the public," since she herself was unable to avail herself of those services as a member of the public, the exclusive remedy of Workers' Compensation Law § 29 (6) bars her from proceeding with this plenary action for alleged medical malpractice by her fellow employees.

This Court's decision in *Ruiz v Chase Manhattan Bank* (211 AD2d 539) does not alter our analysis. There, at the time of the defendant's alleged negligence in providing pharmaceutical benefits, the pharmacy was available both to Chase employees and to about 2,500 non-Chase employees who worked in the same building. Indeed, it does not appear that any member of the public would be excluded from using the pharmacy. Thus, the plaintiff's use of the pharmacy to purchase prescription medication cannot be said to have been "only in consequence of [her] employment" (*see, Litwak, supra,* at 879).

We also reject plaintiff's contention that the Workers' Compensation Law exclusivity provision is inapplicable where the plaintiff was not performing the work for which she was employed at the time of her injury, so that her injury did not flow as a natural consequence of her duties as an employee. Nor may plaintiff succeed with the argument that Workers' Compensation is not available because she did not suffer an injury but was instead suffering from a medical condition.

The "work related" element is satisfied by the "nexus" between the plaintiff's employment and the employer's provision of medical services not available to the public (*see, Firestein, supra*). There is no requirement that the medical condition upon which a negligent treatment claim is based must be an "injury," or that it must be a direct consequence of the plaintiff's employment duties (*see, e.g., Garcia v Iserson,* 33 NY2d 421, *supra* [negligent injection for treatment of cold]; *Woods v Dador,* 187 AD2d 648 [failure to diagnose heart attack]; *Marange v Slivinski,* 257 AD2d 427, *supra* [failure to diagnose breast cancer]).

Parenthetically, any failure to plead a Workers' Compensation affirmative defense is not dispositive at this time. The affirmative defense of Workers' Compensation may be waived "only by a defendant ignoring the issue to the point of final disposition itself" (*Murray v City of New York*, 43 NY2d 400, 407; *see also, Goodarzi v City of New York*, 217 AD2d 683, *lv denied* 87 NY2d 803). This Court, in examining the pleadings on a motion for summary judgment, may take into account an unpleaded defense (*see, Triboro Coach Corp. v State of New York*, 88 AD2d 202, 204).

Finally, plaintiff contends that the motion was premature because appellants had yet to be deposed, asserting the need to inquire as to their employment status. This suggestion implies that despite the individual defendants' affidavits stating that they are salaried part-time employees of the Health Center, their status may in fact be that of independent contractors rather than employees. Plaintiff adds that depositions were also needed to determine the conditions under which the Health Center would provide care not just to the union members for whose benefit it was created, but also to its employees.

However, it has not been shown how defendants' depositions would add anything to the facts relevant to the determination of the Workers' Compensation issue. It is unquestioned that the services of the individual defendants were offered to plaintiff at her employer's facility and paid for by her employer as an employee benefit, and that these services were not available to the general public but were limited to members of hotel and restaurant industry union locals and Health Center employees. Regardless of the exact legal relationship between the Health Center and the individual defendants, as long as "the doctors' professional services were offered and paid for by the employer," as they were here, they are covered by the fellow employee rule (*see, Marange v Slivinski*, 257 AD2d 427, 428, *supra*).

Plaintiff fails to explain how discovery is needed on the proposed issue of the conditions under which the Health Center offered treatment to its employees.

For the foregoing reasons, we conclude that the Workers' Compensation Law bars this action. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.