■ ROSEMARY FAELE, Appellant, et al., Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [724 NYS2d 769] —In an action to recover damages for personal injuries, etc., the plaintiff Rosemary Faele appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated September 29, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rosemary Faele (hereinafter the plaintiff) was

working as a nurse at Coney Island Hospital (hereinafter the hospital) when her eyes became irritated. Since the clinic which was designed exclusively to treat hospital employees was closed, the plaintiff's supervisor arranged for her to see the defendant Dr. Barry Eppinger, a physician on duty in the hospital emergency room. After a brief examination, the plaintiff returned to work, but her eye was causing her severe pain. Her supervisor then arranged for her to see the defendant Dr. Annan Das, another physician on duty in the emergency room. However, after Dr. Das briefly examined the plaintiff's eye, it became worse, and two days later, after she visited a private ophthalmologist, she discovered that she was suffering from a severe eye infection. The plaintiff was compensated for the injuries through Workers' Compensation, but commenced this action, along with her husband, to recover damages for medical malpractice against Dr. Eppinger, Dr. Das, and the New York City Health and Hospitals Corporation.

Although the plaintiff was treated in an emergency room open to the general public, the offering and arrangement of the treatment by her employer, the type of treatment by the physicians, and the process by which the hospital dealt with the treatment, created a nexus between the plaintiff's employment and the occurrence of alleged malpractice which limits the plaintiff to Workers' Compensation and precludes an action for malpractice in common law (*see, Garcia v Iserson,* 33 NY2d 421; *Firestein v Kingsbrook Jewish Med. Ctr.,* 137 AD2d 34; *see also, Cronin v Perry,* 244 AD2d 448). The existence of such a nexus is established by the following factors: (1) the hospital/employer offered and arranged for the plaintiff's treatment; (2) the plaintiff was not admitted to the hospital as a patient; (3) the hospital/employer did not bill the plaintiff for the treatment; (4) the physicians did not conduct full examinations of the eye as they would for a patient from the general public; and (5) the physicians did not make a record of the brief examinations as they would have for a patient from the general public (*see, Garcia v Iserson, supra; Marange v Slivinski,* 257 AD2d 427). Thus, the Supreme Court correctly dismissed the plaintiffs' common-law action alleging malpractice. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.