■ ELLA CARMAN, Appellant, v ELFATIH I. ABTER et al., Respondents. [751 NYS2d 483] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 19, 2001, as amended by order, same court and Justice, entered August 8, 2001, which dismissed the complaint in this medical malpractice action as barred by the Workers' Compensation Law, unanimously modified, on the law, to reinstate the complaint as against defendant Abter only, and otherwise affirmed,

without costs. Appeal from order, same court and Justice, entered June 5, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff, a nurse employed by defendant medical center (the Center), which provides dialysis services to the general public, alleges that she contracted HIV as a result of accidentally sticking herself with a needle she used to draw blood from a Center dialysis patient. Defendant Dr. Ma was a salaried employee of a group of nephrologists (the Group) that has admitting privileges at the Center and is assigned patients there who do not already have doctors. The Group is organized as a limited liability partnership with four partners, one of whom is the Center's principal.

It appears that plaintiff immediately reported the accident to the Center's administrative director, who told plaintiff to see defendant Dr. Ma, it being the Center's custom for physicians in the Group to see Center employees when asked to by the Center's administrator or head nurse in cases of illness and job-related injury. Dr. Ma provided services to members of the general public who were referred to the Center for dialysis, but he did so only as a nephrologist, not for diagnosis and treatment of infectious disease. Likewise, the Center served the general public for dialysis, not for blood work following potential HIV exposure. Upon these facts, the action was properly dismissed against Dr. Ma and the Center as barred by the "fellow employee rule" of Workers' Compensation Law § 29 (6), since Dr. Ma's examination of plaintiff, as well as the blood work performed at the Center, were offered and effectively paid for by the Center, were not available to the general public and would not have been provided to plaintiff had she not been an employee of the Center (*see Feliciano-Delgado v New York Hotel Trades Council & Hotel Assn.*, 281 AD2d 312).

However, summary judgment should not have been granted in favor of defendant Dr. Abter. It appears that Dr. Abter was not an employee of the Group but was used by the Group, including Dr. Ma, as an infectious disease consultant, and, while he came to the Center approximately three times a week to see patients who were infected with HIV, he did not maintain an office at the Center, carried his own malpractice insurance for his patients at the Center and billed such patients privately or by insurance through his own billing system. Under these circumstances, the fellow-employee rule does not bar plaintiff's malpractice claim against Dr. Abter alleging failure to timely and properly render medical treatment

to prevent plaintiff's seroconversion to HIV-positive status. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.