■ AUDREY HOLLINGSHED, Appellant, v EVAN LEVINE, M.D., et al., Defendants, and MONTEFIORE MEDICAL CENTER, Respondent. [763 NYS2d 595] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 29, 2002, which, to the extent appealed from as limited by the briefs, (1) granted defendant Montefiore Medical Center's (the hospital) motion to amend the answer to include the defense of workers' compensation, and (2) granted the defendant hospital's motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, the motions denied, and the complaint against the hospital reinstated.

Plaintiff's decedent, Ms. Macauley, was a 27-year-old married woman with two small children, who worked as a statistician in the hospital's medical records department. On October 5, 1992, she went to the hospital's Employee Health Service (EHS), complaining of left calf pain. Dr. Sacco of EHS diagnosed her with a muscle strain. However, because deep vein thrombosis (DVT) is a severe condition which may present as calf pain, he also considered this diagnosis. As a precaution, Dr. Sacco sent Ms. Macaulay for a duplex ultrasound at the hospital's vascular laboratory. The results of the ultrasound were reported as normal.

On October 7, 1992, Ms. Macaulay returned to EHS, because she had fainted the previous night and bruised her face. Dr.

Sacco sent her to the hospital's emergency room, where she was seen by Dr. Sacher. Dr. Sacher, an attending physician in the hospital's emergency room, was responsible for patients with acute conditions. She saw the decedent in the regular course of her emergency room responsibilities, having pulled up her chart in the order of arrival. Ms. Macaulay was billed as a private patient for this emergency room visit. The initial bill included a small employee discount.

Dr. Sacher had never worked at EHS, had no idea where EHS was located, and had never treated any patients referred from the EHS. She did not elicit a history of left calf pain, and was not aware of Dr. Sacco's diagnosis. She attributed Ms. Macaulay's loss of consciousness to a possible cardiac arrhythmia.

Dr. Sacher referred her to Dr. Moser, an attending cardiologist at the hospital. On October 12, 1992, Dr. Moser saw Ms. Macaulay in his private office. On October 14, 1992, she suffered seizures at home and was transported by ambulance to the hospital's emergency room. Ms. Macaulay died within an hour from a pulmonary embolism due to DVT of the lower left leg.

Ms. Macaulay's estate brought this action against the hospital and two individual doctors, alleging that defendants were negligent in failing to diagnose the pulmonary embolism which caused decedent's death. As relevant to this appeal, the hospital moved for leave to amend its answer pursuant to CPLR 3025 (b) to add Workers' Compensation Law §§ 11 and 29 (6) and to dismiss the claims against it, asserting that workers' compensation was the decedent's exclusive remedy. The IAS court granted both aspects of the hospital's motion. This was error.

Workers' Compensation Law § 29 (6) provides that "[t]he right to compensation or benefits * * * shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ." To determine whether Workers' Compensation Law § 29 (6) bars an employee from bringing a tort claim against an employer for medical services allegedly provided by an employee doctor, the court looks to whether, " 'the doctor's professional services were offered and paid for by the employer; the services were not available to the general public; and plaintiff obtained the services not as a member of the public but only as a consequence of his [or her] employment' (see, *Marange v Slivinski*, 257 AD2d 427, 428)." (*Feliciano-Delgado v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr.*, 281 AD2d 312, 313 [2001].) None of these three factors is ap-

plicable here: (1) the hospital's emergency room services were not paid for by the employer, (2) the emergency room was available to the general public, and (3) the services provided to the decedent were identical to those available to the general public. Thus, even though the decedent was an employee of the hospital, her family is not barred from bringing the instant wrongful death claim against the hospital for the alleged negligence of its emergency room staff (*Litwak v Our Lady of Victory Hosp.*, 238 AD2d 879 [1997]; *Ruiz v Chase Manhattan Bank*, 211 AD2d 539 [1995]; *Firestein v Kingsbrook Jewish Med. Ctr.*, 137 AD2d 34 [1988]; *cf. Garcia v Iserson*, 33 NY2d 421 [1974], *overruled in part on other grounds by Botwinick v Ogden*, 59 NY2d 909 [1983]; *Carman v Abter*, 300 AD2d 160 [2002]; *Faele v New York City Health & Hosps. Corp.*, 283 AD2d 547 [2001]; *Feliciano-Delgado, supra*; *Marange, supra*; *Woods v Dador*, 187 AD2d 648 [1992]). Accordingly, we modify the order appealed to reinstate the complaint against defendant hospital. Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.