■ MARY CROSSON, Appellant, v JAMAICA HOSPITAL MEDICAL CENTER, Respondent. [789 NYS2d 216]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated August 11, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was an employee of the defendant Jamaica Hospital Medical Center (hereinafter the Hospital). On June 1, 2000, while working her scheduled shift, she was stuck in the finger with a surgical needle. Pursuant to stated Hospital procedure, the plaintiff informed her supervisor of the incident, who directed her to the Hospital emergency room for a blood test. While in the emergency room having her blood drawn, the plaintiff alleged that she was injured when the phlebotomist negligently drew her blood. The plaintiff was compensated for her injuries through workers' compensation benefits.

The plaintiff commenced this action against the Hospital to recover damages for medical malpractice. The Hospital moved for summary judgment dismissing the complaint, arguing that Workers' Compensation Law § 29 (6) precluded the plaintiff from maintaining a cause of action to recover damages for medical malpractice. The trial court granted the Hospital's motion, and we affirm.

Workers' Compensation Law § 29 (6), which pertains to remedies of employees, provides, in relevant part, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29 [6]). The plaintiff's remedy against the Hospital is limited by Workers' Compensation Law § 29 (6) because the blood was drawn as the result of a

work-related incident (*see Garcia v Iserson,* 33 NY2d 421 [1974]). Further, although the treatment was rendered in the emergency room, which is open to the general public, she sought treatment as an employee, not as a member of the public, such treatment was arranged by her supervisor, and the Hospital administered treatment as part of its protocol for injured employees (*see id.; Faele v New York City Health & Hosps. Corp.,* 283 AD2d 547 [2001]). Therefore, the Workers' Compensation Law provides the plaintiff's exclusive remedy. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.