■ SALESSIA GRAY, Appellant, v MACY'S EAST, INC., Respondent, et al., Defendants. [807 NYS2d 374]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 29, 2004, which, insofar as appealed from as limited by the briefs, granted defendant's motion

for summary judgment dismissing plaintiff's causes of action for false imprisonment, assault and battery, unanimously affirmed, without costs.

Plaintiff's causes of action for false imprisonment, assault and battery, which arose out of the termination of her employment with defendant and ensuing escort from defendant's premises by its security guards, were properly dismissed as barred by the exclusivity provisions of the Workers' Compensation Law (§§ 11, 29 [6]). Defendant showed, prima facie, that the reason for the nearby presence of the security guards at the time of plaintiff's termination was plaintiff's threats of violence against her supervisor and volatile reaction to her suspension a few days earlier, and that the guards escorted plaintiff out of the building because of a similarly volatile reaction to her termination. In opposition, plaintiff adduced no evidence tending to show that the actions of the security guards in removing plaintiff from the premises reflected an intentional or deliberate act by defendant directed at causing harm to plaintiff. Accordingly, no basis exists for removing plaintiff's claims from the ambit of the Workers' Compensation Law (see Crespi v Ihrig, 99 AD2d 717 [1984], affd 63 NY2d 716 [1984]; McKay v Ciani, 280 AD2d 808, 809-810 [2001], lv denied 96 NY2d 713 [2001]). In any event, plaintiff's deposition testimony shows that while she may have been embarrassed when escorted out of the building, she was never confined, battered or offensively touched, and had no reason to fear that such was imminent. Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.