Walsh v Pisano (2021 NY Slip Op 00245)





Walsh v Pisano


2021 NY Slip Op 00245


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 805125/16 Appeal No. 12856 Case No. 2020-01603 

[*1]Nicole Walsh, etc., Plaintiff-Appellant,
v
Richard Pisano, M.D., et al., Defendants, Jenny Delfin, M.D., et al., Defendants-Respondents.


Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, New York (Matthew J. Maiorana of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 4, 2020, granting summary judgment and dismissing the action as against defendants Jenny Delfin, M.D. and New York University (NYU), unanimously affirmed, without costs.
Defendants Dr. Delfin and NYU argue that the appeal should be dismissed because plaintiff's appeal from the underlying summary judgment order has been deemed dismissed. However, after the judgment was entered, terminating the right of direct appeal from the order, plaintiff properly appealed from the judgment (see Matter of Aho , 39 NY2d 241, 248 [1976]; CPLR 5501[a][1]) without any improper delay.
Plaintiff's medical malpractice claim against Dr. Delfin is barred by the Workers' Compensation Law because it is undisputed that Dr. Delfin's services were made available to plaintiff's decedent, an employee of defendant JPMorgan Chase & Co., at JPMorgan's expense and on its premises and that the services provided by Dr. Delfin at JPMorgan's health center were made available to the decedent as an employee of JPMorgan (Garcia v Iserson, 33 NY2d 421 [1974]; accord Marange v Slivinski , 257 AD2d 427 [1st Dept 1999]). The fact that Dr. Delfin is employed by NYU, which acts as an independent contractor of JPMorgan, does not change this determination since Dr. Delfin's services are offered and paid for by JPMorgan (Feliciano-Delgado v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr. , 281 AD2d 312 [1st Dept 2001]; Carman v Abter , 300 AD2d 160 [1st Dept 2002]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021